State of Florida, ex rel., Nathan Grebstein, *Petitioner,* v. M. P. Lehman, Sheriff of Dade County, State of Florida, *Respondent.*

En Banc.

On Rehearing

Opinion filed August 1, 1930.

*Rosenhouse & Rosenhouse*, Attorneys for Petitioner;

*M. P. Lehman*, in pro per.

BROWN, J.—In ex parte Edwards, 11 Fla. 174, it was said: "In the absence of any statutory limitation or re-striction, the power of the several courts over the matter of 'contempts' is omnipotent, and its exercise in any par-ticular case is not to be questioned by any other tribunal. It is the great bulwark established by the common law for the protection of courts of justice, and for the main-tenance of their dignity, authority and efficiency."

While this language must be construed in the light of the doctrine, which has also been recognized by this court, that no department of the government is, under our constitutional system, vested with unlimited and autocratic power, yet it correctly defines the attitude which this court has followed in liberally sustaining the *nisi prius* courts in their full constitutional power to compel obedience to their lawful orders and decrees and to enforce that salutary respect for the courts as an institution of government without which respect for law itself cannot be maintained. But even the power of the courts to punish for contempt is limited by the bill of rights, and not even a court can impose "indefinite" or "cruel and unusual" punishments. See section 8 of the Declaration of Rights. However, it is quite likely that the indefinite imprisonment imposed in this case was due to mere inadvertence and that the court below would, in keeping with its past record of justice and moderation, have terminated the punishment imposed within a reasonable time had not this writ been sued out.

Ordinarily an appeal does not lie from an order of a court of general jurisdiction imposing punishment for contempt of court. Caro v. Maxwell, 20 Fla. 717; Fla. Cent. P. R. Co. v. Williams, 33 So. R. 391, 45 Fla. 295; Miller v. Miller 107 So. R. 251, 91 Fla. 82. As at common law every court of record was the exclusive judge of contempt committed against its authority and dignity, the judgment of a court of competent jurisdiction inflicting punishment on the contemner was not, as a general rule, reviewable. 13 C. J. 97. 7 Am. & Eng. Encyc. of Law, 33.

In direct contempt committed in the presence of the court, or so near as to interrupt its procedure, the court acts upon view and without trial, and may inflict punishment at once. It is clear that in this class of contempts

the respondent is not entitled to notice of the accusation, or to a notice of motion for an attachment, since in such a case they cannot serve any useful purpose. 6 R. C. L. 532; Ex parte Biggers, 85 Fla. 322, 95 So. R. 763.

"As a general rule *habeas corpus* does not lie to correct mere irregularities or procedure where there is jurisdiction, and in order to sustain the writ there must be illegality or want of jurisdiction. When a person has been taken into custody under an order of a court exercising proper jurisdiction, a *habeas corpus* to discharge the person so taken involves a collateral attack on the order under which he is held, and well established rules forbid an investigation into matters of mere irregularity in procedure. But illegality in matter of law or want of jurisdiction may be inquired into and the decision of the lower court, as to such matter, is not conclusive." Ex Parte Senoir, Jr., 37 Fla. 1, 14; 19 So. R. 652. Also see in this connection Ex Parte Earman, 85 Fla. 297, 95 So. R. 755, 31 A. L. R. 1226.

The general rule, that where the judgment of a court of general jurisdiction, as distinguished from an inferior court, is collaterially attacked, every intendment will be made in support of the jurisdiction unless the contrary affirmatively appears, applies to judgments and final orders punishing for contempt when challenged on *habeas corpus*. In some jurisdictions it is held that the recitals in the commitment record are conclusive of the facts recited, and not subject to contradiction by evidence *aliunde*. 29 C. J. 99, and cases cited. A statement filed by the judge as to matters occurring before him is usually regarded as importing absolute verity. 6 R. C. L. 537. Paragraph 2 of Section 5439, Comp. Gen. Laws, reads as follows:

"In Cases of Contempt.—When, on the return of the writ, the cause of detention shall appear to have been a contempt, plainly and specifically charged in the com-

mitment by some court officer or body having authority to commit for the contempt so charged and for the time stated, it shall be the duty of the court or judge before whom the writ is returnable forthwith to remand the prisoner, if the time for detention for contempt has not expired.''

In Hanley v. State, 50 Fla. 82, 39 So. R. 149, it was held that entries contained in the record proper of a trial court import verity, and that they cannot be questioned on *habeas corpus*. If the record does not state the truth, application should be made to the trial court to make its record speak the truth.

Under the facts the circuit judge was within his rights and jurisdiction in holding the petitioner guilty of contempt of court, and I also think, under the rules above set forth, that nothing in the answer of petitioner to respondent's return which is contradictory of or inconsistent with the statements of facts contained in the judge's order of commitment set out in the return, can be considered by this Court. Nor is the mere propriety of the commitment open to review by this Court. 29 C. J. 96, and cases cited. But defects which go to the jurisdiction or render the order of commitment void, are grounds for discharge on *habeas corpus*, such for instance as where the term of commitment which was imposed is, as in this case, indefinite. 29 C. J. 96, 98. There are numerous cases cited in the books upholding the power of the court to commit, without fixing a definite day, a person to jail for contempt of an order of the court until such order is complied with, but where the order imposes a commitment to jail as punishment for a direct contempt committed in the presence of the court, such as in the case at bar, such commitment must be for a definite term, and under our Constitution a commitment for an indefinite term under such circumstances is void. And it is

generally held that where an order of commitment is void, it affords ground for discharge on *habeas corpus.*

Whether the petitioner should be discharged by this Court, or remanded to the circuit court for the imposition of such definite sentence as the circuit court may deem proper, is a matter which may be within the discretion of this Court, in a case of this kind. This Court does not question the jurisdiction of the circuit court or its power to impose punishment for the act of contempt committed; it merely holds that the commitment was illegal and void because made for an indefinite period. But I am inclined to the view that under such circumstances, this Court might more appropriately remand the petitioner to the circuit court for the imposition of proper sentence for a definite period by the judge of the circuit court, provided of course such judge deemed any further punishment was necessary under the circumstances. See State v. Brown, 123 So. R. 571, and cases cited.

In other words, the court below having had jurisdiction to commit for contempt, and the commitment only being illegal because made for an indefinite period, that while this Court probably has the power to discharge petitioner from custody under the illegal commitment without qualification, it also has the power, while discharging him from the existing defective commitment, to go a step further and remand him to the Court which made the order for such further lawful disposition of his case as such court sees fit to make. The latter is to my mind the more appropriate course. It is not for this Court to say what punishment, if any, another court should inflict for a contempt against that court, so long as it is imposed within the limitations fixed by the Constitution and the laws. If upon remandment the court below should impose a punishment beyond its power under the Constitution and statutes, the

petitioner would have his remedy. But we cannot presume that the circuit court would abuse its powers. As a general rule, trial courts are very moderate and reasonable in their exercise of the power to punish for contempts.

Upon further consideration the Court has reached the conclusion that the order in this case should be amended so as to discharge petitioner from custody under the former defective commitment, but remand him to the custody of the sheriff with directions to present him to the said judge of the circuit court for such further disposition as said judge may see fit to make, within his lawful powers and jurisdiction, not inconsistent with the holding of this Court in the case. See 12 R. C. L. 1252-3; 29 C. J. 176-177; In re Bonner, 151 U. S. 242, 38 Law Ed. 149, Ex parte McDonald, 49 Mont. 454, L. R. A. 1915 B 988; Section 5441, Comp. Gen. Laws, 1927, and cases cited thereunder.

It is so ordered.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.