L. F. CHAPMAN, as Superintendent of the State Prison, *Plaintiff in Error,* v. J. F. STUBBS, *Defendant in Error.*

147 So. 227.

Opinion filed March 22, 1933.

Re-hearing denied April 5, 1933.

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for Plaintiff in Error;

No appearance for Defendant in Error.

DAVIS, C. J.—In habeas corpus proceedings the Circuit Court entered its judgment ordering petitioner, J. F. Stubbs, released from imprisonment, and ordered him to be discharged from further serving a senténce imposed by the Circuit Court of Jackson County on October 5, 1930, whereby Stubbs was sentenced to serve a term of five years in the State Prison. A writ of error allowed on behalf of the State Prison authorities brings the case here for review.

The return to the writ of habeas corpus showed that petitioner was being held under a sentence of the Court reading as follows:

"Wednesday, October 15th, 1930. STATE OF FLORIDA v. J. F. STUBBS. Embezzlement. 'You, J. F. Stubbs, having entered a plea of guilty to the offense of embezzlement, the first count of the indictment filed herein, the Court adjudges you to be guilty, therefore it is the judgment of the Court and the sentence of the law that you, J. F. Stubbs, for your said offense be confined in the State Prison of the State of Florida, at hard labor, for a period of five (5) years.' "

The return also shows that on October 14, 1930, there was presented in open Court by the Grand Jury of Jackson County, and filed in their presence, an indictment charging the defendant Stubbs and one H. H. McNeill, Jr., with embezzlement, and that to said indictment· the defendants McNeill and Stubbs pleaded guilty.

The records aforesaid, of the Circuit Court of Jackson County, impart absolute verity and cannot be impeached, nor averred against, by any allegation of the petitioner for the writ of habeas corpus attempting to present for determination an issue that the judicial records, duly certified to by the Clerk of the Circuit Court, do not speak the truth. Hoehne v. Trugillo, 1 Colo. 161; Houston v. Williams, 13

Cal. 24, 73 Am. Dec. 565; Galloway v. McKeithen, 5 Iredell Law (N. C.) 12 27 N. C. 12, 42 Am. Dec. 153.

Undoubtedly a judgment of conviction, prior to the finding of any indictment·against the accused, would be, as contended by petitioner, absolutely void, because such judgment would be the attempted jurisdiction of a court without any jurisdiction on its part to enter a judgment of any kind against the accused. But the conclusiveness of the records of a court of record, such as are our Circuit Courts, precludes an attack on their judgments by habeas corpus, when the records themselves show the jurisdictional fact of an indictment, arraignment and plea of guilty by petitioner on October 14, 1930, followed by a judgment and sentence entered against him on October 15, 1930.

So the judgment releasing the prisoner must be reversed. Judgment is accordingly entered in this Court to the effect that the Circuit Court's discharge of the prisoner, J. F. Stubbs, from custody be revoked and said prisoner ordered to be apprehended and re-delivered to the state prison authorities, there to be remanded to the State Prison to be confined therein until the judgment and sentence of the Circuit Court of Jackson County, Florida, be fully satisfied, or the defendant be discharged therefrom according to law.

Judgment of the Circuit Court reversed and appropriate judgment given by Supreme Court.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.