THORNAL, Justice.
By petition for writ of habeas corpus the petitioner Melton seeks release from the State Prison.
The principal point upon which we must pass is whether the information to which the petitioner pleaded guilty alleged a crime as defined by the applicable Florida Statutes.
On March 25, 1958, the petitioner was sentenced to a term of 90 days in the Lake County jail following a conviction for the offense of petit larceny, a misdemeanor. While the petitioner was so incarcerated for the misdemeanor, a warrant was sworn out against him in Orange County under date of March 26, 1958 charging him with forgery, a felony. According to the return of the respondent the Orange County warrant was forwarded to the Sheriff of Lake County. The warrant was never served on the petitioner. By order of the Magistrate who issued the Orange County warrant the forgery proceeding was dismissed on April 8, 1958. Under date of May 6, 1958 the State Attorney of Lake County informed against the petitioner charging that on April 6, 1958 the petitioner “while being duly charged under the laws of the State of Florida with the commission of a felony, towit: forgery, with specific intent to escape from the Lake County jail did proceed to saw through one of the bars of said jail”. It was to this information that the petitioner pleaded guilty. Pursuant to the guilty plea he was sentenced to a term of 10 years in the State Prison. It therefore appears that the alleged attempted escape occurred on April 6, 1958 while the petitioner was in jail under a sentence following a conviction for a misdemeanor. A felony warrant had been sworn out against him in Orange County on March 26, 1958. The felony warrant was withdrawn and the proceeding dismissed on April 8. Nearly 30 days later the escape information was filed and the sentence under attack was prescribed.
It is the judgment and sentence for escape that is now under assault.
The petitioner contends here that when charged with the offense of escape he was not in jail under any felony charge. He takes the position that he was in jail for the misdemeanor conviction. The difference is important because if he were incarcerated pursuant to a felony charge, the maximum sentence for escape would be 10 years. If he were in jail under the misdemeanor conviction, the maximum sentence for escape would be 90 days. Consequently, if error was committed in the escape proceeding it could hardly be considered trivial.
In view of the fact that the petitioner pleaded guilty to the escape information we cannot now in this habeas corpus proceeding undertake to explore the factual aspects of the matter which could have been tendered as a defense at the trial. We have, however, held that a plea of guilty to an information which fails completely to allege the commission of a crime under the laws of Florida will not preclude an assault by habeas corpus on a prison term following the totally inadequate charges of the information.
The return of the respondent undertakes to support the current incarceration of the petitioner by alleging that sometime between March 27, 1958 but prior to April 6, 1958, during the time that petitioner was in the Lake County jail on the misdemeanor conviction, the petitioner “was informed by a certain Lake County deputy sheriff of the existence of the warrant charging him with committing the crime of forgery” and was told that he was then being held under and by virtue of said warrant. It is the position of the respondent' that this constituted a lawful arrest without a warrant within the provisions of Section 901.15(4) Florida Statutes, F.S.A. The respondent then reasons that following the procedure summarized the petitioner was held in the Lake County *380 jail both under the misdemeanor conviction and under the alleged arrest on a felony charge.
Admittedly, the petitioner was originally in jail because of the misdemeanor conviction. The sheriff had the felony warrant in his custody and why he failed to serve it is nowhere explained in the record. As a matter of fact the return in the instant matter advises that the original warrant has by now completely disappeared and is nowhere to be found. A copy of the warrant attached to the return fails to reflect any return of the Lake County Sheriff showing its execution.
The offense of escape is defined by Section 944.40, Florida Statutes, F.S.A. It is there provided that when one escapes or attempts to escape from confinement “if the charge or conviction under which said prisoner is incarcerated constitutes a felony under the laws of the jurisdiction which has caused his incarceration he shall be guilty of a felony” and may be punished by not more than 10 years in prison. Measuring the information before us by the requirements of the controlling statute, it is our view that the information completely fails to charge an offense. Referring back to the statute it will be noted that it requires that in order to be guilty of escape the accused must make the effort to escape from confinement imposed pursuant to a charge or conviction “under which said prisoner is incarcerated.”
It appears to us that in order to charge the crime of escape it must be alleged that when the escape is attempted or executed, the prisoner must have been held in confinement pursuant to a particular charge or conviction of a misdemeanor or felony. In other words, for attempted escape to constitute a felony, it must be alleged and proved that the prisoner was incarcerated or confined pursuant to a felony charge or conviction. In the instant case the information contained no allegation whatever that the petitioner was incarcerated or confined pursuant to the felony charge. The return of the respondent on the contrary reveals that at the time of the attempted escape the petitioner was confined pursuant to conviction for a misdemeanor. The information does not charge that the man was in jail pursuant to the felony warrant. The plea of guilty to the information which completely failed to charge any crime under the laws of Florida does not preclude the petitioner from now assaulting the illegality of his restraint by habeas corpus. Gibbs v. Mayo, Fla. 1955, 81 So.2d 739, 740. We held in the case last cited that a plea of guilty “admits only the acts charged, and does not preclude the defendant from claiming that such facts charged do not constitute a crime.”
In the case before us the facts alleged in the information do not constitute a crime. Therefore, the admission of those facts does not preclude the petitioner from now claiming that his restraint is illegal. Our position is strengthened by the return of the respondent himself which in effect concedes that when the escape was attempted the petitioner was in jail under and because of the misdemeanor conviction.
In Smith v. State, 145 Me. 313, 75 A.2d 538, the Supreme Judicial Court of Maine held an indictment fatally defective which failed to allege the original cause of imprisonment and the authority by which the accused was delivered into custody. The rule appears to be that an indictment or information charging an escape must reflect the legality of the custody at the time the escape was committed and the nature of the confinement under which he was being held. 3 Bishop, New Criminal Procedure, (2nd Ed.) Sec. 943. See also King v. State, 42 Fla. 260, 28 So. 206.
We therefore conclude that the return of the respondent fails completely to justify the present restraint of the petitioner.
The petitioner is ordered discharged.
TERRELL, C. J., and THOMAS, HOB-SON and O’CONNELL, JJ., concur.