110 So.2d 674 (1959)
STATE ex rel. David L. WILSON, Petitioner,
v.
R.O. CULVER, as State Prison Custodian, Respondent.
Supreme Court of Florida.
April 10, 1959.
David L. Wilson, petitioner in pro. per.
Richard W. Ervin, Atty. Gen., and Eugene P. Spellman, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
This cause is before the court on the respondent's return to a writ of habeas corpus heretofore issued by this court upon the showing made by petitioner in his petition for the writ.
By his return to the writ and photostated copies of the official records of the trial court appended thereto, the respondent has made it appear that the petitioner is presently serving a term of two years imposed upon him for the substantive offense of escape, as denounced by § 944.40, Fla. Stat. 1957, F.S.A. [enacted in 1955 as Ch. *675 29949, Acts of 1955, and appearing in Fla. Stat. 1955 as § 954.30]. As shown by the official records, the petitioner was informed against on August 27, 1958, for the substantive offense of escape from the county jail on June 21, 1958, while lawfully confined therein under a warrant issued April 17, 1958, by Judge A.J. Hayward, Jr., charging him with the crime of robbery, a felony under the laws of this state. The information further alleged that the petitioner "having thereupon been committed to the Circuit Court of Sixth Judicial Circuit on April 23, 1958, after entering a plea of not guilty in the committing magistrate's court and by reason of said warrant and commitment was then and there confined, upon failure to give bond, in the County Jail of Pasco County at Dade City, Florida, did then and there feloniously escape from such confinement."
In Melton v. Culver, Fla. 1958, 107 So.2d 378, 380, this court said that for an attempted escape to constitute a felony, "it must be alleged and proved that the prisoner was incarcerated or confined pursuant to a felony charge or conviction," and that the information or indictment charging an escape "must reflect the legality of the custody at the time the escape was committed and the nature of the confinement under which he was being held." The information filed against petitioner in the instant case was sufficient to charge a felonious escape under the rule of Melton v. Culver, supra.
The entries in the official record of petitioner's trial on the escape charge show that petitioner plead guilty to the charge; that he was advised of his constitutional rights; and that "the court having informed the defendant of the accusation against him and having heard the evidence adduced before him, adjudged the said defendant guilty of the above charge * * *." It is well settled that entries contained in the record proper of the trial court import verity and will be presumed to be true and valid as against a collateral attack in a habeas corpus proceeding. State ex rel. Grebstein v. Lehman, 100 Fla. 481, 129 So. 818; Hanley v. State, 50 Fla. 82, 39 So. 149; Chapman v. Stubbs, 109 Fla. 192, 147 So. 227; Sneed v. Mayo, Fla. 1953, 66 So.2d 865, 874. The petitioner's allegation that he "did not plead guilty to escape or the word escape was not mentioned" is insufficient to rebut the presumption of verity made by the official record. Cf. Washington v. Mayo, Fla. 1957, 91 So.2d 621. While "any additional matter which might render the proceeding defective in substance may be the subject of inquiry," Sneed v. Mayo, supra [66 So.2d 874], no such showing was made by the petitioner here.
The petitioner also contends that a person cannot lawfully be charged and convicted of an escape while confined on a felony charge, until he is tried and convicted of such felony. This contention is also without merit. Our statute, § 944.40, Fla. Stat. 1957, F.S.A., provides that
"Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, * * * who escapes or attempts to escape from such confinement, if the charge or conviction under which said prisoner is incarcerated constitutes a felony under the laws of the jurisdiction which has caused his incarceration he shall be guilty of a felony * * *; or if the charge or conviction under which said prisoner is incarcerated constitutes a misdemeanor, he shall be guilty of a misdemeanor * * *." (Emphasis supplied.)
It can thus be seen that escape from lawful confinement is, under the statute, a substantive offense, in and of itself, without regard to whether the prisoner was confined pursuant to a charge or pursuant to a conviction of a crime. It was so at common law, as to the offense of "prison break." Likewise, at common law, the offense of prison break was either a felony or a misdemeanor according as the *676 imprisonment was for a crime of the one grade or the other. Bishop on Criminal Law, 9th ed., § 1072, p. 802; Wharton's Criminal Law, 12th ed., § 2019. It might be noted that escape statutes similar to § 944.40, supra, by the great weight of authority, are valid as against a contention that they deny equal protection of the law. See Ex parte Knapp, 1953, 73 Idaho 505, 254 P.2d 411, and cases cited.
The fact that petitioner has never been tried for the felony with which he was charged at the time of his escape or, even, that he is innocent of such charge, as he here contends, is of no legal consequence insofar as his incarceration under the escape conviction is concerned. As noted above, under our statute the crime of escape is a substantive offense, and the punishment therefor is not merely incidental to the punishment for the offense for which the prisoner was confined at the time of his escape. Even though the indictment under which he was confined at the time of his escape is subsequently dismissed, Godwin v. United States, 8 Cir., 1950, 185 F.2d 411, or the conviction under which he was confined at the time of his escape is subsequently reversed or set aside on appeal, Commonwealth v. Nardi, 1958, 185 Pa. Super. 136, 138 A.2d 140; Moore v. Commonwealth, 1946, 301 Ky. 851, 193 S.W.2d 448, 163 A.L.R. 1134, the prisoner must nevertheless bear the penalty for the separate and distinct offense of escape. As stated in Commonwealth v. Nardi, supra, 138 A.2d 140, 142:
"`Defendants in criminal cases are now entitled to appeal, as a matter of right, in every case in which there has been an error in a sentence to imprisonment. They are not, however, entitled to raise any question as to the regularity of the sentence by breaking the jail or the penitentiary, as such a proceeding frequently involves danger to the lives of the officers of the prison.'"
See also Stinhagen v. Olson, 1945, 145 Neb. 653, 17 N.W.2d 674; People v. Ganger, 1950, 97 Cal. App.2d 11, 217 P.2d 41; but cf. State ex rel. McGilton v. Adams, W. Va. 1958, 102 S.E.2d 145.
In view of the showing made in the respondent's return, it must be held that the petitioner has failed to show that he is unlawfully detained in the state prison. Accordingly, the writ heretofore issued should be and it is hereby quashed.
It is so ordered.
TERRELL, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.