125 So.2d 844 (1960)
Kenneth DUCKSWORTH, Petitioner,
v.
Ross E. BOYER, as Sheriff of Sarasota County, Florida, Respondent.
Supreme Court of Florida.
November 16, 1960.
Rehearing Denied December 6, 1960.
Clarence J. Stokes, Sr., Sarasota, for petitioner.
Richard W. Ervin, Atty. Gen., George R. Georgieff, Asst. Atty. Gen., and Dart, Bell & Savary, Sarasota, for respondent.
ROBERTS, Justice.
This cause is before the court on the respondent's return to a writ of habeas corpus heretofore issued upon the showing made by petitioner in asking for the writ. Respondent's return stated that the petitioner's allegation that he was being unlawfully detained was then untrue inasmuch as bail was obtained while the matter was pending here. Questions of law are posed however that this court should and can settle. See Carnley v. Cochran, Fla., 123 So.2d 249.
The circuit court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, ordered petitioner Ducksworth to pay to Rita Ray Ducksworth the sum of seventy-five ($75.00) dollars for support money in arrears, and fifty ($50.00) dollars as attorney's fee. Ducksworth defaulted and was adjudged guilty of contempt and sentenced on April 28, 1960, to serve sixty days in the county jail or until he paid the money required to be paid, whichever compliance occurred first. On May 17, 1960, Ducksworth escaped from jail and was captured the following day and placed back in custody to finish out the sentence for contempt. Thereafter, on July 1, 1960, an information was filed against petitioner stating "* * * one Kenneth Ducksworth * * * did * * * on the 17th day of May, 1960 * * * unlawfully escape from the custody *845 of the sheriff of Sarasota County, Florida, he the said Kenneth Ducksworth, having theretofore been sentenced by the Circuit Judge to serve a sentence of 60 days in the county jail and which sentence had not been completed as of May 17, 1960. * * *" Pursuant to the information petitioner was again apprehended and held for trial on the charge set forth in the information. The prisoner then filed a petition for writ of habeas corpus in this court, contending, among other things, that the information did not charge a crime. During the time this court was considering the petition and prior to issuance of the writ, an amended information was filed charging that petitioner did "* * * unlawfully escape from confinement from the Sarasota County jail while a prisoner confined in said jail under sentence for conviction of a misdemeanor. * * *" Prior also to the issuance of the writ of habeas corpus, but after the petition had been filed, the county court admitted the prisoner to bail.
Petitioner contends: That if contempt is considered a misdemeanor as stated in the amended information the circuit court had no original jurisdiction to sentence him since there is a county court in Sarasota County; and further, that the information and amended information fail to charge a violation of the laws of the state in that the first information merely charges escape, and the amended information illegally charges escape while under sentence for conviction of a misdemeanor. The prisoner would have us hold that although he did escape, upon his capture and serving out the contempt sentence he could not then be reincarcerated on the criminal charge of escape because we have no statute forbidding and penalizing escape as such. And that he is not lawfully punishable  being guilty of neither a felony, not subject to imprisonment in a state penitentiary, nor a misdemeanor inasmuch as the circuit court sentenced him only for contempt. This contention is based obviously on the application of § 34.01(4), Florida Statutes, F.S.A., which gives the county court jurisdiction of misdemeanors and on § 944.40, Florida Statutes, F.S.A., which sets a penalty for escape from a confinement on a charge or conviction of either a felony or a misdemeanor.
We cannot agree with petitioner. He was guilty of civil contempt of the circuit court which is a "disobedience to the Court" and such circuit court had the authority to administer appropriate punishment for his conduct. See § 38.22, § 38.23, Florida Statutes, F.S.A.; and also South Dade Farms, Inc. v. Peters, Fla., 88 So.2d 891, 898. Punishment for contempt is "* * * inherent in all courts of general jurisdiction, whether they are state or federal; such power exists in courts of general jurisdiction independently of any special or express grant or statute * * *" and exists as "* * * an incident essential to the execution and maintenance of judicial authority." See State ex rel. Grebstein v. Lehman, 100 Fla. 481, 129 So. 818. And 12 Am.Jur., Contempt Sections 3, 40, and cases cited. His only lawful method of releasing himself was to serve the sentence in jail or use the "keys to his imprisonment" and pay the required amounts.
Section 944.40, Florida Statutes, F.S.A., is inapplicable in this case because said statute sets a penalty relating to a charge or conviction of either a felony or a misdemeanor. Since civil contempt is neither a felony nor a misdemeanor but a power of the courts, Chapter 775, Florida Statutes, F.S.A., on Crimes does not apply thereto. See Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529, and also the discussion of this statute in Melton v. Culver, Fla., 107 So.2d 378. However, escape from lawful confinement is in itself a substantive offense. At common law it was identified as "prison break", and was brought forward as a part of our law by § 2.01, Florida Statutes, F.S.A. See State ex rel. Wilson v. Culver, Fla., 110 So.2d 674, 676 and cases cited, in which this court said "* * * the crime of escape is a substantive offense, and the *846 punishment therefor is not merely incidental to the punishment for the offense for which the prisoner was confined at the time of his escape. Even though the indictment under which he was confined at the time of his escape is subsequently dismissed * * * the prisoner must nevertheless bear the penalty for the separate and distinct offense of escape." Thus, one in lawful confinement for civil contempt, upon escape would be guilty of the offense of common law "prison break" which is punishable under § 775.02, Florida Statutes, F.S.A. Ex parte Sams, Fla., 67 So.2d 657.
The information therefore charges a punishable offense and the writ heretofore issued should be and it is hereby quashed, and the petitioner remanded for trial.
It is so ordered.
TERRELL, HOBSON and DREW, JJ., concur.
THOMAS, C.J., dissents.