PER CURIAM.
In his petition for writ of habeas corpus, Frank Gentry, alleges that he did not have the assistance of counsel when he was arraigned, pleaded guilty and was sentenced in 1951 for the crime of armed robbery. Two successive motions filed pursuant to Criminal Procedure Rule #1, F.S.A. ch. 924 Appendix were denied by the trial court on the ground that the record of the original trial showed that petitioner was represented by counsel. Petitioner did not appeal from the orders denying relief under said Rule #1.
We issued the writ and the respondent has filed a return.
To his petition for writ of habeas corpus now before us the petitioner attaches what purports to be a letter to petitioner from the attorney which the trial court records indicate to have represented petitioner at the trial leading to his present confinement. In this letter the attorney states that he did not at any time represent petitioner in his trial and offers to execute an affidavit to this effect. The attorney suggests in the letter that the Clerk of the Court -may have assumed that he represented petitioner because the petitioner was seated at a table with other codefendants represented by the attorney.
In his return the respondent correctly points out that in these circumstances the petitioner is not entitled to relief in this proceeding because: (1) he failed to exhaust his remedies under Criminal Procedure Rule #1 when he did not appeal the denial of relief thereunder, and (2) the verity of court records cannot be questioned on habeas corpus but they should be corrected by application to the trial court to cause its records to speak the truth. Hanley v. State, 1905, 50 Fla. 82, 39 So. *434 149; Chapman v. Stubbs, 1933, 109 Fla. 192, 147 So. 227, and State ex rel. Wilson v. Culver, Fla.1959, 110 So.2d 674.
It thus appears that petitioner is not entitled to relief by habeas corpus. If in a proper proceeding he is able to demonstrate to the trial court that its records do not speak the truth, and the records are changed to reflect that he was not represented by counsel during the proceedings in the trial court, he can then again petition the trial court for relief under Criminal Procedure Rule # 1.
Accordingly the writ is discharged, but without prejudice to the petitioner’s right to move the trial court to correct its records to speak the truth.
It is so ordered.
DREW, C. J., and. THOMAS, ROBERTS, THORNAL and O’CON-NELL, JJ., concur.