PER CURIAM.
The appellant herein was charged in the Criminal Court of Record, in and for Dade County, Florida, by information, of the crime of attempting to> escape in violation of Fla.Stat. § 944.40, F.S.A. He entered a plea of not guilty, waived a jury trial and was found guilty by the trial court of this charge. He appeals from that adjudication of guilt and sentence.
In essence, he argues that the provision of Fla.Stat. § 944.40, F.S.A. are inapplicable because, at the time of his attempted escape, Sheptin was confined for non-felony traffic offenses.
The record reflects that at the time of the attempted escape, the defendant was confined for two reasons: (1) traffic offenses (2) a pending felony charge. The instant case, therefore, is distinguishable from Melton v. Culver, Fla.1958, 107 So.2d 378. In that case, the court discharged the prisoner on a petition for Habeas Corpus because the information therein was defective in that it failed to allege the prisoner was incarcerated pursuant to a felony charge or adjudication of guilt.
Here, the information specifically alleged that the defendant was incarcerated pur *465 suant to a felony charge. There was proof, at trial, that the defendant was arrested on the felony charge prior to his incarceration in the Dade County jail for the traffic offenses. The defendant was lawfully arrested prior to the commencement of his traffic sentences and he was in jail not only for the traffic offenses but also pursuant to an information which charged him with a crime constituting a felony under the laws of the State of Florida.
Fla.Stat. § 944.40, F.S.A., therefore, would apply. Consequently, the judgment and conviction herein appealed is
Affirmed.