PIERCE, Judge.
This is an appeal by Sammie Lee Harris from a judgment of conviction and sentence of imprisonment imposed by the Pinellas County Circuit Court, consequent upon a plea of guilty to an information charging him with felonious escape.
Defendant Harris contends here that because the trial Judge, in receiving the plea of guilty and passing sentence, referred to the crime charged as “escape” rather than “felonious escape”, and also because at the time he escaped from jail he had not been actually convicted of the offense for which he was held in custody but was merely awaiting trial, the judgment and sentence were invalid and this Court should reverse.
The first contention is patently devoid of merit because the information correctly charged the offense of felonious escape, which was the offense to which he pleaded guilty and upon which he was sentenced.
The second contention is likewise without merit under the opinion of the Supreme Court in State ex rel. Wilson v. Culver, Fla.1959, 110 So.2d 674, which held as follows:
“The fact that petitioner has never been tried for the felony with which he was charged at the time of his escape or, even, that he is innocent of such charge, as he here contends, is of no legal consequence insofar as his incarceration under the escape conviction is concerned. As noted above, under our statute the crime of escape is a substantive offense, and the punishment therefor is not merely incidental to the punishment for the offense for which the prisoner was confined at the time of his escape. Even though the indictment under which he was confined at the time of his escape is subsequently dismissed, * * * or the conviction under which he was confined at the time of his escape is subsequently reversed or set aside on appeal, * * * the prisoner must nevertheless bear the penalty for the separate and distinct offense of escape. * * * ”
The judgment of conviction appealed is therefore affirmed.
LILES, C. J., and MANN, J., concur.