WIGGINTON, Judge.
Appellant seeks reversal of a judgment of conviction and sentence based upon a jury verdict finding him guilty of the crime of attempted escape from the common jail of Escambia County.
Appellant asserts that the judgment of conviction is fatally defective in that the State failed to adduce at the trial any evidence establishing that at the time of the attempted escape he was in lawful custody on a valid charge or conviction of a criminal offense. The statute under which appellant was charged is as follows:
"Escapes; penalty — Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment of not more than ten (10) years. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.” [1]
Appellee concedes, and our examination of the record of the trial confirms, a complete absence of any competent evidence tending to prove this essential element of the offense charged. In outlining the elements of the crime of escape, the author of Florida Jurisprudence says:
“Before one may be charged with the offense of escape, it must be shown that at the time of the alleged escape the prisoner was held in lawful custody on a valid charge of a criminal offense or upon a conviction of a criminal offense. % * * )> [2]
In Melton v. Culver, our Supreme Court held:
“ * * * In other words, for attempted escape to constitute a felony, it must be alleged and proved that the prisoner was incarcerated or confined pursuant to a felony charge or conviction. * * * ” [3]
The Second District Court of Appeal in Fulford v. State followed the general rule set forth above as follows:
“ * * * Proof of lawful custody is essential to conviction for the crime of escape. King v. State, 1900, 42 Fla. 260, 28 So. 206. Evidence that appellant had been in the custody of the warden of State Road Prison Camp No. 4530 as an inmate for six months prior to his alleged escape did not constitute proof either that such custody was lawful or that appellant is the John Cornelius Ful-ford named in the documents received in evidence against him at the trial.”[4]
In view of the foregoing disposition of this appeal we find it unnecessary to either comment or pass upon the sufficiency of the proof designed to show that appellant attempted to escape from the common jail of Escambia County as charged in the information.
The judgment appealed is reversed and the cause remanded for a new trial.
JOHNSON, C. J., and RAWLS, J., concur.

. F.S. § 944.40, F.S.A.

. 12 Fla.Jur. 274, Escape, § 5. See also 27 Am.Jur.2d 854, Escape, Prison Breaking, and Rescue, § 7.

. Helton v. Culver, (Fla.1958) 107 So.2d 378, 380. See also State ex rel. Wilson v. Culver, (Fla.1959) 110 So.2d 674.

. Fulford v. State, (Fla.App.1959) 113 So.2d 572, 573, 574.