LILES, Acting Chief Judge.
In March of 1970, Arnold Naylor was under lawful custody of the Sheriff of Lee County by virtue of a certain information filed in the Court of Record of Lee County, charging Naylor with two counts of grand larceny by fraud. The appellant was released upon making bond; but was subsequently returned to the sheriff’s custody in April of 1970 as a result of several misdemeanor violations. From this custody, Naylor escaped in May of 1970. Thereafter, an information was filed against Naylor charging him with escape from lawful custody in violation of F.S. § 944.40, F.S.A. Naylor plead guilty to the escape charge, which constituted a felony, and was sentenced to serve five years in the state prison. From that judgment of conviction the appellant brings this appeal.
The appellant contends that his conviction is invalid in that it is contrary to the laws of this state. As a basis for this contention, appellant contends that he was in the custody of the Lee County Sheriff as a result of various misdemeanor charges, to-wit: breach of the peace, public profanity, and resisting arrest. Appellant then contends that under Section 944.40 he could only have been convicted of a misdemeanor and not a felony, because he escaped while incarcerated for a misdemeanor.
In answering this contention, it is unnecessary to reach the point whether Naylor was in custody of the sheriff at the time of his escape under misdemeanor charges or under the felony charges of grand larceny for which he had previously been released on bail. Appellant’s contention may be disposed of on other grounds.
*661 Prior to 1969, Section 944.40 made a distinction between those that were in lawful custody under a charge or conviction that constituted a misdemeanor and those in lawful custody under a charge or conviction that constituted a felony. As to the former, an escape from such custody constituted a misdemeanor. As to the latter, an escape from such custody constituted a felony. See F.S. § 944.40, F.S.A. (1967).
In 1969, the Florida Legislature amended Section 944.40 and abolished the distinction between those in custody under a misdemeanor charge or conviction and those in custody under a felony charge or conviction. Any escape from lawful custody is now made a felony punishable up to ten years, regardless of whether the custody was as a result of a misdemeanor or of a felony. See Gen.Laws of Fla. § 1, Ch. 69-332. The statute applicable now and at the time of Naylor’s escape reads:
“944.40 Escapes; penalty. — Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads or being transported to or from a place of confinement, who escapes or attempts to escape from such confinement shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment of not more than ten (10) years. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.”
Regardless of whether Naylor was incarcerated under a felony charge or a misdemeanor charge, his escape from the lawful custody of the Lee County Sheriff constituted a felony.
Appellant also contends that the judgment and sentence under Section 944.-40 are invalid because at the time he escaped from jail he had not been actually convicted of the offense for which he was held in custody. This contention is also without merit.
In State ex rel. Wilson v. Culver, 1959, 110 So.2d 674, the Supreme Court of Florida was faced with the same contention. It was there held that Section 944.40 provides for a substantive offense, in and of itself, without regard to whether the prisoner was confined pursuant to a charge or pursuant to a conviction of a crime. Therefore, the defendant was lawfully convicted of the substantive crime of escape even though he was never prosecuted for the crime for which he was originally incarcerated.
In Harris v. State, Fla.App.1969, 217 So.2d 907, the court cited Culver as authority and affirmed a conviction for escape even though the defendant had not been actually convicted of the offense for which he was held in custody.
It should also be noted that the 1969 amendment to Section 944.40 did not alter the holdings of State ex rel. Wilson v. Culver, supra, and Harris v. State, supra. This point is established by the 1970 case of Abigando v. State, Fla.App.1970, 239 So.2d 646, which cites Culver and restates that it is one held in lawful custody on a valid charge of a criminal offense or upon a conviction of a criminal offense that the escape statute covers.
Appellant was in lawful custody of the Lee County Sheriff at the time of his escape under charges of grand larceny and under various misdemeanor charges. Escape from such custody constituted the offense as provided in Section 944.40. Since the sentence was within the law as provided, we will not disturb it.
Affirmed.
MANN and McNULTY, JJ., concur.