258 So.2d 286 (1972)
Kenneth Charles BROCHU, Appellant,
v.
STATE of Florida, Appellee.
No. O-205.
District Court of Appeal of Florida, First District.
February 29, 1972.
Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
By this appeal, appellant Brochu challenges judgments of conviction for three counts of robbery, the unauthorized use of a vehicle, and escape. Pursuant to the judgments of conviction. Brochu was sentenced to three concurrent 30-year sentences for the three counts of robbery, six months for the unauthorized use of a vehicle, and two years for the escape.
The sole error in this appeal lies with the insufficiency of the evidence to support the judgment of conviction of escape as the State failed to prove that the defendant was a prisoner in custody serving a sentence.
Florida Statute § 944.40 (1969), F.S.A. was the controlling statute in force at the time Brochu was put to trial on the charge of escape. The subject statute provided as follows:
"Escapes; penalty.  Any prisoner[1]confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment of not more than 10 years. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner." (Emphasis supplied.)
The cited statutes[2] establish without contradiction that an essential element of the crime of escape was proof that the person charged had been convicted and sentenced to a state prison, prison farm, or penitentiary, or to the custody of the division, *287 as provided by law. In the instant case such proof was wholly lacking on the part of the State and thus the conviction must be set aside. It is uncontroverted that Brochu escaped from the Volusia County Convict Camp, but it is likewise uncontroverted that the State never established that he was a prisoner "convicted and sentenced" in accordance with the law of this sovereign at the time he departed from the confines of the camp.
The judgments of conviction and sentences of three counts of robbery, and the unauthorized use of a vehicle are affirmed. The judgment of conviction and sentence of two years for the crime of escape is set aside.
Affirmed in part and reversed in part.
SPECTOR, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] The term "prisoner" as used in F.S. § 944.40 (1969), F.S.A. was defined by the provisions of F.S. § 944.02(5) (1969), F.S.A., viz.:

"(5) `Prisoner' means any person convicted and sentenced by the courts and committed to the state prison, prison farm, or penitentiary, or to the custody of the division, as provided by law."
[2] We note that F.S. §§ 944.40 and 944.02 (5) were amended in 1971, but as amended are not applicable to the instant cause.