PER CURIAM.
The defendant appeals the trial court’s denial of his motion to vacate judgments of conviction for two escapes from the Osceola County Jail. This court, in State v. Benjamin, Fla.App.1972, 267 So.2d 348, cert. dismissed Fla. 1972, 270 So.2d 20, agreed with the decision in Brochu v. State, Fla.App.1972, 258 So.2d 286, which held that in accordance with the law in effect at the time of the escape it was essential that the person so charged was a prisoner who had been “convicted and sentenced”; it was not sufficient to show that at the time of his escape defendant was merely “charged” with the crime for which he was then being held.
In the case sub judice defendant was convicted of one escape in 1970. Prior to 1969, F.S. Section 944.40, F.S.A., the escape statute, declared that the substantive offense of escape was committed without regard to whether the prisoner was confined pursuant to a “charge” or pursuant to a “conviction” of a crime. However, in 1969 the statute was amended and the word “charge” was deleted, which led to the decision in Brochu v. State, supra.
Based upon our opinion in State v. Benjamin, supra, we therefore conclude that insofar as the judgment of conviction and sentence of four years for the crime of escape in Case No. 82-67, having occurred prior to the 1969 amendment of Section 944.40, said judgment is affirmed on the authority of State ex rel. Wilson v. Culver, Fla.1959, 110 So.2d 674. However, the judgment and conviction of sentence for the crime of escape in Case No. 147-70, having occurred subsequent to the amendment of Section 944.40, as heretofore noted, said judgment is vacated and set aside and the cause remanded for further proceedings not inconsistent herewith. Cf. Naylor v. State, Fla.App.1971, 250 So.2d 660.
Affirmed, in part; reversed, in part.
OWEN, C. J., and WALDEN and MAGER, JJ., concur.