SHOLTS, Judge.
On December 23, 1970, an information was filed in the Court of Record of Bro-ward County, florida charging appellant with escape under § 944.40, F.S.1969, F.S. A. He pled no contest thereto on March 10, 1971. Appellant was adjudicated guilty and sentenced to a term of six (6) years in the Florida State prison on April 27, 1971. An attempted direct appeal was dismissed as untimely, but we granted full appellate review on January 12, 1972, on petition for Writ of Habeas Corpus on authority of Hollingshead v. Wainwright, Fla. 1967, 194 So.2d 577.
Appellant argues that the trial court erred in accepting his no contest plea on four grounds:
1. Lack of voluntariness in that the trial court failed to inquire about threats made against the appellant or promises made in inducement for his plea.
2. Failure of the trial court to warn appellant that' in pleading no contest, he would be giving up his privilege against self-incrimination.
3. Failure of the trial court to advise appellant of the maximum possible punishment.
4. In accepting the appellant’s no contest plea in any case inasmuch as he had not been “convicted” of any crime but was merely awaiting trial for another offense at the time he escaped.
Appellant’s contention that he could not be convicted of escape because he was in custody awaiting trial on another charge has merit.
This court in State v. Benjamin, Fla.App.1972, 267 So.3d 348, cert. dism, Fla., 270 So.2d 20, and Van Den Bliek v. State, Fla.App.1973, 281 So.2d 218 agreed with the decision in Brochu v. State, Fla.App. 1972, 258 So.2d 286, which held that in accordance with the law in effect at the time of the escape, it was essential that the person so charged was a prisoner who had been “convicted and sentenced” and that it *241 was not sufficient to show that at the time of his escape defendant was merely “charged” with the crime for which he was then being held. It therefore appears that appellant could not have been convicted of the crime to which he plead “no contest”.
In view of the court’s holding on Point 4 above, we find it unnecessary to comment on the other three points raised by the appellant. The judgment and sentence are hereby reversed.
OWEN, C. J., and CROSS, J., concur.