742 So.2d 496 (1999)
John Thedford WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3855.
District Court of Appeal of Florida, First District.
October 6, 1999.
Nancy A. Daniels, Public Defender; Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
This case asks the question whether a seventeen-year-old who has entered a plea of nolo contendere to armed robbery as a juvenile can thereafter be tried and punished as an adult, over objection on double jeopardy grounds, where the trial judge accepted the plea he tendered as a juvenile, after hearing his confession.
A criminal defendant earlier placed in jeopardy in juvenile court has a federal constitutional right, as appellant contends, not to be tried anew for the same offense as an adult. See Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Citing federal cases and Ray v. State, 231 So.2d 813 (Fla.1969), our supreme court has "held that jeopardy attaches on an unconditional guilty plea when the plea is or should have been accepted." Brown v. State, 367 So.2d 616, 620-21 (Fla.1979). The difference between a plea of guilty and the plea of nolo contendere that accompanied appellant's confession *497 in juvenile court is without constitutional significance.
The parties have stipulated that the plea was in fact accepted and that the matter was set over for disposition under section 985.23, Florida Statutes (1997). See generally Medina v. State, 732 So.2d 1153, 1153 (Fla. 3d DCA 1999)("Once a juvenile division judge finds (through an adjudicatory hearing or acceptance of a plea) that the child has committed a violation of law or delinquent act, the only permissible dispositions are in the juvenile system."). After the state attorney filed an "amended direct issue capiasadult" alleging armed robbery, however, the trial court concluded (in retrospect) that the absence of a document styled as a petition for delinquency rendered the proceedings in which the juvenile plea was taken a "nullity." On that basis, "Judge Barron withdrew Mr. Williams' plea and the case was ... set for adult court."
John Thedford Williams' plea as a juvenile would have been a nullity only if the juvenile division judge before whom he appeared when he made the plea lacked jurisdiction over his person or over the subject matter. But the governing statute states:
The jurisdiction of the court shall attach to the child and the case ... when the child is taken into custody with or without service of summons and before or after the filing of a petition....
§ 985.219(7), Fla. Stat. (1997). To the same effect as to personal jurisdiction, the statute provides elsewhere that the "appearance of any person in a hearing before the court obviates the necessity of serving process on that person." § 985.219(1), Fla. Stat. (1997).
Not every irregularity renders judicial proceedings nugatory. See generally Byrd v. State, 730 So.2d 382 (Fla. 3d DCA 1999)(noting clerk's "certificate stating that the original information could not be located" in affirming denial of collateral attack on judgment on grounds information need not be signed). Florida Rule of Criminal Procedure 3.140(g) forbids consideration of any "objection to an information on the ground that it was not signed or verified ... after the defendant pleads to the merits." That a criminal defendant or juvenile respondent has grounds for obtaining reversal of a conviction or adjudication of delinquency does not, moreover, automatically afford the state grounds for setting the conviction or adjudication aside and beginning anew.
Verifying a pleading in the present case entitled "direct-issue capias," an assistant state attorney refers to "the foregoing information" and states that "this prosecution is instituted in good faith." See generally I.H. v. State, 405 So.2d 450, 452 (Fla. 1st DCA 1981)(holding the failure to file a petition for delinquency once an information has been filed "does not divest the juvenile court of jurisdiction"). Set out under oath in the name of the state attorney, signed by an assistant state attorney, and duly filed with the clerk, it alleges:
CURTIS A. GOLDEN, State Attorney for the First Judicial Circuit of Florida, prosecuting for the STATE OF FLORIDA, in said County, under oath makes that: JOHN THEDFORD WILLIAMS, on or about March 21, 1997, at and in Okaloosa County, Florida, then and there being, did unlawfully by force, violence, assault or putting in fear, and with the intent to permanently or temporarily deprive, take certain property, to-wit: United States currency, the property of Pizza Hut as owner or custodian, from the person or custody of William Bullock, and in the course of committing said Robbery, carried a firearm, to-wit: handgun, in violation of Sections 812.13(2)(a) and 775.087(2), Florida Statutes, against the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida, a first degree felony, punishable by life imprisonment.
*498 This so-called "direct-issue capias" is not addressed to the sheriff, and requires nothing of the sheriff. It functioned as a petition for delinquency. The language it employs plainly identifies a "violation of law," § 985.218(1), Fla. Stat. (1997), and does so with precision and specificity befitting a charging document. No petition for delinquency "shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition." Fla. R. Juv. P. 8.035(d).
The conviction and sentence imposed in "adult court," which are, incidentally, apparently predicated on an accusatorial pleading ("amended direct capiasadult") that is virtually identical to the initial "direct issue capias," must be reversed. The decision in Lisak v. State, 433 So.2d 487 (Fla.1983), resting as it does on statutory language now repealed, does not require a contrary result. See generally Commonwealth v. Johnson, 435 Pa.Super. 132, 645 A.2d 234, 246 n. 14 (1994). Having raised the double jeopardy issue in the trial court by timely objection and by motion to dismiss the information, appellant is entitled to reversal here.
Reversed and remanded.
BROWNING, J., CONCURS WITH OPINION.
MINER, J., DISSENTS WITH OPINION.
BROWNING, J., CONCURRING.
I write only to address the dissent.
I do not disagree with the law cited by the dissent, but I do take issue with the facts as represented by the dissent. If these facts go unaddressed, I fear, the bench and bar of this state will interpret the majority opinion as a repudiation of long-recognized precedent cited in the dissent that requires the filing of a charging document in a criminal case as a prerequisite to the exercise of jurisdiction over a crime by a trial court. State v. Anderson, 537 So.2d 1373 (Fla.1989).
The facts are in sharp dispute because of the unavailability of an accurate record. Thus, this appeal must be decided based upon reasonable probabilities of what transpired at the plea proceeding in the trial court, rather than founded upon certainty of what occurred. This problem exists because a transcript of appellant's plea proceeding cannot be compiled, as the recording equipment used to tape the plea proceeding malfunctioned. Florida Rule of Criminal Procedure 2.070(b) provides that all criminal and juvenile proceedings "shall be reported." Had the plea proceeding whereat appellant entered his plea to armed robbery been reported and available to this court for review in the customary manner, the doubt that surrounds this appeal would not plague us.
I take issue with the following alleged fact essential to the proper disposition of the instant case which is recited in the dissent: "In the case before us it is undisputed that neither a petition nor an information had been filed with the court at the time the trial court accepted appellant's nolo plea, and the only charging document of record was not filed with the court until the day after the court accepted appellant's nolo plea." If this statement were undisputed, I would join the dissent, as it has long been recognized that a court is without jurisdiction to accept a plea to a criminal charge before a charging document is issued by the appropriate prosecuting authority. Anderson, 537 So.2d at 1373. However, when appellant entered his plea, an information mislabeled "DIRECT-ISSUE CAPIAS" and dated March 26, 1997, the earliest date appellant could have entered his plea, had been issued by the state attorney charging appellant.[1] Subsequently, the states attorney issued *499 an "AMENDED DIRECT-ISSUE CAPIASADULT" dated April 4, 1997. Notwithstanding that the appropriate charging document in juvenile court is a petition for delinquency, procedural defects in a charging document do not divest a court of jurisdiction. Thus, appellant is entitled to claim his double-jeopardy rights. See D.C.W. v. State, 445 So.2d 333 (Fla.1984); State v. Witcher, 737 So.2d 584 (Fla. 1st DCA 1999).
Moreover, the charging document of April 4, 1997, which is not mentioned by the dissent, by its very existence refutes the dissent's representation that a charging document was not in existence when appellant entered his plea in juvenile court. The charging document of April 4, 1997, is a verbatim copy of the charging document of March 26, 1997, except for the addition of the words "AMENDED" and "ADULT." This forcefully implies that the charging document of March 26, 1997, was amended by the charging document of April 4, 1997, to effect the state attorney's election to proceed against appellant in adult court rather than in juvenile court as originally undertaken. Had the document of March 26, 1997, not been seen and acted upon when appellant entered his plea in juvenile court, there would have been no reason for the amended document of April 4, 1997. This, of course, constitutes prosecutorial discretion, but its exercise did not divest the juvenile court of jurisdiction and nullify its actions after proceedings were commenced by the charging document issued March 26, 1997, and appellant entered a plea to the charge of armed robbery and it was accepted by the juvenile court. When parties reach an accord in our adversary system and take action, the resulting consequences should stand, barring extraordinary and compelling circumstances. Such circumstances have not been shown by the record in the case at bar.
Because a close review of the record shows that a charging document was in existence, and the record does not reveal that a charging document was not properly filed when appellant entered his plea, I concur with the majority. Appellant is entitled to claim his double jeopardy rights on this record.
MINER, J., dissenting.
The panel majority posits the following question which they believe the instant case presents:
[W]hether a 17-year old who has entered a plea of nolo contendere to and been adjudicated delinquent on a count of armed robbery as a juvenile can thereafter be tried and punished as an adult, over objection on double jeopardy grounds, where the trial judge accepted the plea he tendered as a juvenile after hearing his confession.
Were this the question presented on the record before us, I would have no hesitation from joining in a reversal of the judgment and sentence below. However, because appellant was never adjudicated a delinquent for any offense and because appellant entered a plea to a non-existent offense, and jeopardy in any form never attached in the first instance, I am obliged to dissent.
Although the record before us is lacking in some major respects[2], that record is sufficient to show the following: (a) whatever transpired on March 26, 1997, before the juvenile court judge, i.e., whether appellant "confessed" or entered a plea which was accepted, the parties do not seriously dispute; (b) on March 26, 1997, the State Attorney for the First Judicial Circuit swore to a charging document entitled with the misnomer of "Direct Issue Capias," and this charging document was not submitted to the jurisdiction of the court by filing until 3:08 p.m. on March 27, the day following entry of appellant's nolo plea; (c) appellant does not allege that the Assistant State Attorney who presumably *500 represented the State before the juvenile court on March 26, either had a charging document in his possession or filed such a document with Judge Barron in open court; and (d) on March 26, 1997, Judge Barron had neither a petition for delinquency nor an information nor, for that matter, any other type of charging document before him upon which to base a plea to any offense. Appellant does not and has never contended otherwise. Clearly, this case does not turn on appellant's constitutional right not to be placed twice in jeopardy for the same criminal offenses. Here, the issue is jurisdiction, nothing more, nothing less.
The supreme court has stated that "jurisdiction to try an accused does not exist under article I, section 15 of the Florida Constitution unless there is an extant information, indictment, or presentment filed by the state." State v. Anderson, 537 So.2d 1373, 1374 (Fla.1989) (emphasis added). This, of course, necessarily includes the power to accept a guilty or nolo plea. The court's jurisdictional pronouncement is based on article I, section 15, which expressly provides that no one in this state can be tried for a felony absent a presentment, indictment, or "information under oath filed by the prosecuting officer of the court"(emphasis added). See §§ 34.13(1), 932.47, 932.48, Fla. Stat. Similarly with regard to juveniles, a statute provides that "[a]ll proceedings seeking a finding that a child has committed a delinquent act or violation of law shall be initiated by the state by the filing of a petition for delinquency by the state attorney." § 985.218(1), (2), Fla. Stat. Clearly, then in this state, a court obtains jurisdiction to try a felony case or accept a guilty or nolo plea or to find a juvenile to be delinquent or in violation of the law only upon the filing of the charging document with the court. Further support for this basic jurisdictional premise can be found in the Florida Rules of Criminal Procedure and the Rules of Juvenile Procedure. See Fla. R.Crim. P. 3.160(c), 3.170, 3.130, 3.134; Fla. R. Juv. P. 8.030, 8.070, 8.075. In addition, the Committee Notes to Florida Rule of Criminal Procedure 3.140, which specifies that "[e]very indictment or information on which the defendant is to be tried shall bear the date (day, month, year) that it is filed in each court in which it is so filed," provides insight into the jurisdictional issue with which we are confronted in this case:
Since in many cases the beginning of the prosecution is co-existent with the issuance of the indictment or information, the date the writ bears may be of great significance, particularly with reference to the tolling of a statute of limitations. If the date of a grand jury's vote of a true bill or a prosecutor's making oath to an information differs from the date of filing of the indictment or information with the appropriate clerk, it seems the date of filing is the preferable date for a writ to bear since until the filing transpires there is no absolute certainty that the prosecution actually will leave the province of the grand jury or prosecutor.
(Emphasis added).
In the case before us it is undisputed that neither a petition nor an information had been filed with the court at the time the trial court accepted appellant's nolo plea, and the only charging document of record was not filed with the court until the day after the court accepted appellant's nolo plea. As explained above, until the charging document is filed with the court, the court does not have jurisdiction to try the case or accept a guilty or nolo plea. Appellant, therefore, pled to a nonexistent charge, as the state contended both below and on appeal. The trial court, therefore, lacked jurisdiction to accept the plea, and jeopardy could not attach to appellant's plea. Accordingly, in the case before us, I would affirm.
NOTES
[1] The date that appellant entered his plea is unclear from the record. In appellant's motion to dismiss filed in the lower court, he recites that his plea was entered on April 7, 1997, but in his initial brief he recites that his plea was entered on March 26, 1997, the date the first mislabeled information was issued.
[2] It is represented that the recording of the juvenile proceedings had on March 26 is unintelligible, hence not transcribed, and thus unavailable for our review.