PER CURIAM.
The appellant in this direct criminal appeal challenges her conviction of introducing contraband into a correctional facility following her plea of nolo contendere to that offense. Because the plea, judgment, and sentence were entered before the information charging the offense was prepared or filed, we vacate the conviction and sentence and remand this case to the trial court. Chapman v. Stubbs, 109 Fla. 192, 147 So. 227 (1933) (“Undoubtedly a judgment of conviction, prior to the finding of any indictment against the accused, would be, as contended by the petitioner, absolutely void, because such judgment would be the attempted jurisdiction of a court without any jurisdiction on its part to enter a judgment of any kind against the accused.”); see also L.L.H. v. State, 873 So.2d 1252 (Fla. 5th DCA 2004). On remand, the state must be given the opportunity to withdraw from the balance of the plea agreement that led to the appellant’s plea. See, e.g., Williams v. State, 650 So.2d 1054 (Fla. 1st DCA 1995).
ALLEN, VAN NORTWICK and BROWNING, JJ„ concur.