490 So.2d 186 (1986)
James Marion MOORMAN, Public Defender, Tenth Judicial Circuit, Petitioner,
v.
The Honorable E. Randolph BENTLEY, Circuit Judge, Tenth Judicial Circuit, Respondent.
No. 86-1113.
District Court of Appeal of Florida, Second District.
June 20, 1986.
James Marion Moorman, pro se.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
This is a petition for writ of certiorari initiated by the Public Defender of the Tenth Judicial Circuit, who seeks to quash an order entered by respondent appointing the public defender as counsel in an indirect criminal contempt proceeding. The issue presented is whether there exists statutory authority for the public defender to represent indigent persons in such proceedings.
The alleged contemner was arrested for violating a protective injunction issued by the respondent. After making a finding of indigency, respondent appointed the public defender to represent him at a show cause hearing. The public defender's motion to withdraw as counsel was denied, prompting this petition for certiorari.
It is not disputed that persons charged with indirect criminal contempt have a constitutional right to counsel. See, e.g., Aaron *187 v. State, 284 So.2d 673 (Fla. 1973). However, petitioner argues that this does not necessarily equate appointment of a public defender. The office of public defender is totally a creature of the state constitution and of statute, not of common law. State ex rel. Smith v. Brummer, 443 So.2d 957 (Fla. 1984). The applicable statute, section 27.51, Florida Statutes (1985), does not provide blanket authority for the public defender to represent all indigent persons in all types of criminal actions. Behr v. Gardner, 442 So.2d 980 (Fla. 1st DCA 1983). Rather, the statute provides:
(1) The public defender shall represent, without additional compensation, any person who is determined by the court to be indigent as provided in s. 27.52 and who is:
(a) Under arrest for, or is charged with, a felony;
(b) Under arrest for, or is charged with, a misdemeanor, a violation of chapter 316 which is punishable by imprisonment, or a violation of a municipal or county ordinance in the county court, unless the court, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if he is convicted;
(c) Alleged to be a delinquent child pursuant to a petition filed before a circuit court; or
(d) Sought by petition filed in such court to be involuntarily hospitalized as a mentally ill or mentally retarded person.
Since the statute does not mention contempt of court, petitioner urges that the doctrine of expressio unius est exclusio alterius applies to bar his appointment in criminal contempt proceedings.
We disagree. We believe that criminal contempt bears sufficient indicia of a criminal offense that it may be classified as such. Aaron v. State. Criminal contempt is intended to punish specific, articulable conduct. It is punishable by incarceration. Standards for the imposition of such punishment are included in the Florida Rules of Criminal Procedure. Moreover, the same due process rights that adhere to an ordinary criminal prosecution generally are available to the alleged contemner. See Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). As we stated in Mann v. State, 476 So.2d 1369 (Fla. 2d DCA 1985):
In spite of the uncertainty which may have existed at an earlier time, it is well settled that criminal contempt is a crime.
476 So.2d at 1374.
While the contempt power of Florida courts has been codified by statute, section 38.22, Florida Statutes (1985), there is no statute which defines the crime or establishes the punishment. However, the power of courts to punish for contempt was recognized at common law. Ex Parte Senior, 37 Fla. 1, 19 So. 652 (1896). Where there is no statutory provision to the contrary, the common law of England with respect to crimes is still in effect in Florida. § 775.01, Fla. Stat. (1985). The maximum period of imprisonment which can be imposed for conviction of a common law crime is twelve months. § 775.02, Fla. Stat. (1985). The statutory definition of a misdemeanor contains the same limitation. § 775.08(2), Fla. Stat. (1985). For all practical purposes, criminal contempt is the equivalent of a misdemeanor. Therefore, we believe that by specifying in section 27.51 that the public defender shall represent indigent persons charged with a misdemeanor, the legislature intended such representation to include indigent persons charged with criminal contempt.
We deny the petition for writ of certiorari.
GRIMES, Acting C.J., and SCHOONOVER and HALL, JJ., concur.