PER CURIAM.
Collins and three other petitioners are inmates at Holmes Correctional Institution. *333 They transmitted petitions for name change to respondent Taylor, who is Clerk of the Circuit Court for Holmes County. Petitioners recited in their pleadings that they wished to change their names to conform to their Islamic beliefs. The petitions were returned unfiled with a note from respondent indicating that a circuit judge will not order the petitioners to be transported to appear at civil hearings.
Petitioners now ask this court for a writ of mandamus, arguing that the respondent has a ministerial duty to accept the name change petitions for filing. In response to the petition, respondent advises this court that he serves as county auditor and that the waiver of filing fees is an expense to the county. He believes he “had to make a judgment call as to whether the costs to the county would be a lawful cost.” As respondent is of the view that a judicial name change for religious reasons would be violative of the Establishment Clause of the United States Constitution, he refused to file the petitions.
The petitioners are entitled to the relief they seek. Neither of the reasons given by respondent for not accepting the petitions are valid. Contrary to respondent’s assertion, he is without authority to judicially determine the legal significance of a document tendered for filing. Instead, he has a ministerial duty to accept and file the petitions for name change. Outboard Marine Domestic International Sales Corp. v. Florida Stevedoring Corp., 483 So.2d 823 (Fla. 3d DCA 1986); State ex rel. Kaufman v. Sutton, 231 So.2d 874 (Fla. 3d DCA 1970).
The petition for writ of mandamus is granted and respondent is directed to file the petitions for name change when tendered.
PETITION GRANTED.
SHIVERS, C.J., and WIGGINTON and ZEHMER, JJ., concur.