636 So.2d 172 (1994)
Doris WELCH, Appellant,
v.
Everett S. RICE, Sheriff of Pinellas County, and Pinellas County, a political subdivision of the State of Florida, Appellees.
No. 93-01783.
District Court of Appeal of Florida, Second District.
April 29, 1994.
*173 John A. Henninger, Pope & Henninger, P.A., St. Petersburg, for appellant.
Robert F. Jagger, Sr. Asst. County Atty., Clearwater, for appellee Pinellas County.
PER CURIAM.
Doris Welch appeals from a final summary judgment in favor of Everett S. Rice, Sheriff of Pinellas County. We reverse because the trial court erred in finding that subsection 901.211(5), Florida Statutes (1991), does not apply in this case. Subsection 901.211(5) requires the written authorization of a supervising officer to conduct a strip search.
Prior to September 29, 1989, Welch was issued a citation charging a violation of Pinellas County Ordinance No. 87-48. The offense was the failure to have a license for her cat. The citation required Welch to appear in court on September 29 for arraignment. When she failed to appear, the court ordered a capias for her arrest pursuant to section 901.11, Florida Statutes (1989). Section 901.11 provides that failure to appear is "an indirect criminal contempt of court" punishable by a fine not to exceed $100.
The capias lay dormant until March 30, 1991, when it was executed after Welch was stopped for a traffic violation. She was transported to the Pinellas County Jail, booked and, according to the allegations of her complaint, strip searched.
On June 17, 1992, Welch filed a complaint against Pinellas County and Rice, as Sheriff of Pinellas County,[1] alleging that she had been unlawfully strip searched in violation of section 901.211, Florida Statutes (1991).[2] She contended that she was immune from such a search by subsection 901.211(2) which prohibits, with some exceptions not applicable here, strip searches of persons arrested for a "traffic, regulatory, or misdemeanor offense." She also contended that the search was conducted without the written authorization of a supervising officer as required by subsection 901.211(5).
On April 23, 1993, the trial court entered summary judgment in Rice's favor, holding that section 901.211 was not applicable to Welch. Apparently, the court determined that indirect criminal contempt of court is not "a traffic, regulatory, or misdemeanor offense" for which strip searching is prohibited, without the presence of the additional factors in subsections 901.211(2)(a) and (b). To this extent, we agree with the trial court and affirm on this issue. However, we reverse because the trial court's judgment, by denying Welch any protection under section 901.211, also holds that subsection 901.211(5), *174 requiring the written authorization of a supervising officer, does not apply. Subsection (5) clearly applies to all strip searches, as Welch asserts. We therefore reverse the final summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
PATTERSON, A.C.J., and ALTENBERND and QUINCE, JJ., concur.
NOTES
[1] Summary judgment was entered in favor of Pinellas County on September 14, 1992, and not appealed.
[2] Strip searches of persons arrested; body cavity search. 
(1) As used in this section, the term "strip search" means having an arrested person remove or arrange some or all of his or her clothing so as to permit a visual or manual inspection of the genitals; buttocks; anus; breasts, in the case of a female; or undergarments of such person.
(2) No person arrested for a traffic, regulatory, or misdemeanor offense, except in a case which is violent in nature, which involves a weapon, or which involves a controlled substance, shall be strip searched unless:
(a) There is probable cause to believe that the individual is concealing a weapon, a controlled substance, or stolen property; or
(b) A judge at first appearance has found that the person arrested cannot be released either on recognizance or bond and therefore shall be incarcerated in the county jail.
(3) Each strip search shall be performed by a person of the same gender as the arrested person and on premises where the search cannot be observed by persons not physically conducting or observing the search pursuant to this section. Any observer shall be of the same gender as the arrested person.
(4) Any body cavity search must be performed under sanitary conditions.
(5) No law enforcement officer shall order a strip search within the agency or facility without obtaining the written authorization of the supervising officer on duty.
(6) Nothing in this section shall be construed as limiting any statutory or common-law right of any person for purposes of any civil action or injunctive relief.