FARMER, Judge,
dissenting.
Defendant contends that suppression is the proper remedy when evidence is obtained from a search that violates the provisions of section 901.211, Florida Statutes (1993).[2]
He claims that the strip search in his case violated the statute because the officer did not obtain written authorization of his supervisor before the search; it was done in the presence of another adult male inmate; and it was not conducted under sanitary conditions. The state concedes that the search was done m violation of the statute in that the search was done with another inmate present and the officer did not obtain the prior permission of his supervisor.
The state argues, however, that the exclusionary rule should not be the sanction for violation of the statutory requirements related to strip searches where the search was undertaken with probable cause under section 901.211(2)(a). Moreover, the state contends that the failure to follow the statutory requirements should be excused since it was done “in good faith.” That is, there is no evidence that the statutory noncompliance resulted from anything more than inadvertence.
I note that, in the only reported case involving this statute, the second district held that the statute did not apply where an individual was arrested on a capias warrant for failure to appear. Welch v. Rice, 636 So.2d 172 (Fla. 2d DCA 1994). Welch held that a failure to appear is an indirect criminal contempt of court, which does not constitute “a traffic, regulatory, or misdemeanor offense for which strip searching is prohibited” under section 902.211. 636 So.2d at 173. The court held, however, that subsection (5), requiring a supervisor’s prior written permission, applied to all strip searches.
The misdemeanor warrants in our case, as in Welch, were issued upon defendant’s failure to appear in court after proper notice. I know of no reason why we should not follow the second district’s reasoning, as this too constitutes an indirect criminal contempt of *155 court, to which subsection (2) of the statute does not apply. Hence these law enforcement officers were not prohibited from strip searching the defendant after his arrest on these warrants.[3]
Even if I felt that the statute applied to this search, however, I would still be unable to agree that the remedy for a statutory violation would be to exclude evidence obtained thereby. Section (6) states unequivocally that “[n]othing in this section shall be construed as limiting any statutory or common-law right of any person for purposes of any civil action or injunctive relief.” This indicates that the legislature did not intend to displace common law damages remedies for statutory violations. That makes clear to me that the legislature intended for damages to be the remedy if the statute is ignored. I know of no reason why that would not be true for the violation that occurred here.
The Supreme Court has fashioned the exclusionary rule for constitutional violations, i.e. when law enforcement officers violate the Fourth Amendment in searching and seizing evidence during investigations. The Court has never suggested that the exclusionary rule should be applied as a matter of constitutional law when noneonstitutional violations occur in an investigation — and, in fact, has held to the contrary. United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979).
Moreover, the Court has recently reaffirmed its adoption of a good-faith exception to the exclusionary rule, and reiterated:
“The exclusionary rule operates as a judicially created remedy to safeguard against future violations of the Fourth Amendment rights through the rule’s general deterrent effect.” [e.s.]
Arizona v. Evans, — U.S. —, —, 115 S.Ct. 1185, 1191, 131 L.Ed.2d 34 (1995).
I do not believe that judges should fashion a constitutional remedy for good faith statutory violations of the kind involved here. To do so in this case has the associated difficulty of adding a provision to the statute that legislature thought not to include. Judges are not empowered to rewrite statutes under the guise of statutory construction.
I would affirm.

. Section 901.211, Florida Statutes (1993), provides:
"(1) As used in this section, the term 'strip search' means having an arrested person remove or arrange some or all of his or her clothing so as to permit a visual or manual inspection of the genitals; buttocks; anus; breasts, in the case of a female; or undergarments of such person.
“(2) No person arrested for a traffic, regulatory, or misdemeanor offense, except in a case which is violent in nature, which involves a weapon, or which involves a controlled substance, shall be strip searched unless:
(a) There is probable cause to believe that the individual is concealing a weapon, a controlled substance, or stolen property; or
(b) A judge at first appearance has found that the person arrested cannot be released
eiAer on recognizance or bond and Aere-fore shall be incarcerated in Ae county jail.
"(3) Each strip search shall be performed by a person of Ae same gender as Ae arrested person and on premises where the search cannot be observed by persons not physically conducting or observing the search pursuant to this section. Any observer shall be of Ae same gender as Ae arrested person.
"(4) Any body cavity search must be performed under sanitary conditions.
"(5) No law enforcement officer shall order a strip search wiAin Ae agency or facility wiAout obtaining Ae written auAorization of the supervising officer on duty.
"(6) NoAing in this section shall be construed as limiting any statutory or common-law right of any person for purposes of any civil action or injunctive relief.”

. The mere fact that defendant is a juvenile creates no constitutional impropriety with a strip search per se. See Justice v. City of Peachtree, 961 F.2d 188 (11th Cir.1992) ("law enforcement officers may conduct a strip search of a juvenile in custody, even for a minor offense, based upon reasonable suspicion to believe that the juvenile is concealing weapons or contraband.”).