PER CURIAM.
Appellant, Jorge Ochoa, appeals from the dismissal of his petition for writ of mandamus directing the county court to accept his civil replevin action for filing without payment of filing costs and fees for service of process. The circuit court dismissed Ochoa’s petition as being “facially insufficient under the law.” Having reviewed the petition pursuant to the standard set forth in Hatten v. State, 561 So.2d 562 (Fla.1990), the Court finds that the petitioner has improperly named the county court judge, rather than the clerk of the county court,[1] as the party to whom the writ of mandamus would be directed. Accordingly, we affirm the circuit court’s dismissal of the petition on that basis.
AFFIRMED.
MINER and LAWRENCE, JJ., and SHIVERS, Senior Judge, concur.

. Pursuant to section 34.031, Florida Statutes (1995), the "clerk of the circuit court shall be clerk of the county court unless otherwise provided by law.” This court has previously held that the clerk of the circuit court “is without authority to judicially, determine the legal significance of a document tendered for filing. Instead, he has a ministerial duty to accept and file [it]." See Collins v. Taylor, 579 So.2d 332 (Fla. 1st DCA 1991). See also Mattson v. Kolhage, 569 So.2d 1358 (Fla. 3d DCA 1990)(where certain circuit court judges had directed a memorandum to the clerk imposing restrictions on the acceptance of motions for filing, the appellate court granted mandamus and directed the clerk to accept the motions, recognizing that the clerk has a ministerial duty "to accept motions presented for filing in pending cases”).