744 So.2d 1017 (1997)
William TANNER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2748.
District Court of Appeal of Florida, Fourth District.
June 18, 1997.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION TO REINSTATE APPEAL
FARMER, Judge.
We dismissed this appeal for untimeliness because it appeared to us that the notice of appeal was filed more than 30 *1018 days after the entry of an order denying post-conviction relief.[1] The trial court entered the original order denying relief on May 8, 1996. The record then reflected that a motion for rehearing was filed on June 6th, and that an order denying rehearing was entered June 16th. The notice of appeal was filed June 19th.
In the motion to reinstate the appeal, appellant's counsel shows that a motion for rehearing was actually tendered to the clerk of the circuit court for filing on May 21st, or within the period prescribed by rule 3.850.[2] If the motion for rehearing was itself timely, then the June 19th notice of appeal was filed within the jurisdictional period.[3] It appears, however, that the clerk of the circuit court returned the original motion for rehearing to the attorney who prepared and sent it for filing, indicating on a "post-it" note that the file number did not correspond with the clerk's records. Defense counsel corrected the paper with the proper case number and then returned it to the clerk several days later. In filing the paper, the clerk clocked the paper in as of the later date rather than the initial date. Hence our order dismissing this appeal was entered upon a mistaken impression as to when the motion for rehearing was filed and was therefore in error.
We deem the motion filed as of May 21st, the date that the clerk originally received the paper for filing. In reinstating this appeal, we take this opportunity to make clear to the clerks of the circuit courts in this district that it is not proper to refuse to accept papers for filing merely because they contain, as here, scrivener's errors in the captions. Section 28.31, Florida Statutes (1995), provides that:
"The clerk of the circuit court shall keep all papers filed in the clerk's office with the utmost care and security, arranged in appropriate files (endorsing upon each the time when the same was filed)...."
Section 28.211 further provides that:
"The clerk of the circuit court shall keep a progress docket in which he or she shall note the filing of each pleading, motion, or other paper and any step taken by him or her in connection with each action, appeal, or other proceeding before the court. The clerk may keep separate progress dockets for civil and criminal matters. The clerk shall keep an alphabetical index, direct or inverse, for the docket."
Neither of these statutes authorize the clerk to return papers because of the absence of the clerk's file number on the paper. We note that section 28.31 imposes on the clerk the responsibility to decide where or in what file to place the paper. Even when the lack of a correct file number affects the clerk's ability to "arrang[e the paper] in appropriate files," the remedy is surely not to treat the paper as a nonentity by returning it to the filing party.
To the contrary, the courts have generally concluded that the clerk's duties with regard to accepting papers for filing are ministerial. See, e.g., Faddis v. Carlton, 626 So.2d 1122 (Fla. 5th DCA 1993); Collins v. Taylor, 579 So.2d 332 (Fla. 1st DCA 1991); Outboard Marine Domestic Int'l Sales Corp. v. Florida Stevedoring Corp., 483 So.2d 823 (Fla. 3d DCA 1986) (clerk has ministerial duty to accept complaint for filing even though insufficient filing fees tendered); State ex rel. Kaufman v. Sutton, 231 So.2d 874 (Fla. 3d DCA 1970). Indeed, neither statute mentions the subject of file numbers. The requirement that the clerk maintain an alphabetical index obviously addresses the possibility that the clerk might consult that index in deciding which progress *1019 docket, or file number, applies to a paper sought to be filed. It is obvious that file numbers are merely an administrative convenience for the clerk but not a statutory prerequisite for filing by the parties to the action.
We have not overlooked Rule 3.090, however, which requires that:
"Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be."
Fla.R.Crim.P. 3.090.[4] Although rule 3.090 is framed in mandatory terms, it is silent as to the remedy for noncompliance. Certainly, it does not purport to authorize the clerk to return papers because they fail to contain the correct file number.
We hold that, even though the motion for rehearing in this case stated a file number that did not correspond with the clerk's records, this kind of error is no basis for refusing to accept the paper for filing. Nor does such an error authorize the clerk to return the paper to the lawyer who filed it. See § 28.31 ("The clerk of the circuit court shall keep all papers filed in the clerk's office with the utmost care and security ...."). [emphasis supplied.] A simple telephone call to the filing lawyer could sort out any discrepancies in file numbers, or other errors in the caption, that inhibit the clerk's ability to file the paper in the proper place.
APPEAL REINSTATED.
WARNER and GROSS, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3.850.
[2] See Fla.R.Crim.P. 3.850(g) (prisoner may file motion for rehearing within 15 days of service of order denying post-conviction relief).
[3] See Fla.R.App.P. 9.110(b) (jurisdiction of court of appeal is invoked by filing notice of appeal within 30 days of rendition of order to be reviewed).
[4] See also Fla.R.Civ.P. 1.100(c)(1) ("Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be.").