QUINCE, Judge.
The Department of Juvenile Justice, on behalf of A.L., a minor, challenges A.L.’s long term commitment to a level ten maximum security facility for criminal mischief and contempt. We reverse because the commitment to a level ten security facility for these offenses is not authorized by statute.
A.L. is a repeat offender who has a history of encounters with the juvenile justice system. While at Boley Rehabilitative Center, where he was placed following incarceration for burglary, auto theft, and violation of aftercare, A.L. again violated the terms of his aftercare agreement by committing criminal mischief. As a result, A.L. was charged with contempt.
A.L. pleaded guilty to the contempt charge and was sentenced to fifteen days in secure detention, continued aftercare at Boley Rehabilitative Center, and a suspended commitment to a level eight program. Thereafter, a criminal mischief charge was filed arising out of the same incident at Boley. At the plea hearing on the criminal mischief charge, A.L. pleaded guilty. A.L.’s case manager and his mother informed the court of other strange behavior by A.L. Upon questioning by the court, A.L. told the trial judge that he had become involved in a Satanic cult and that he engaged in group sex and animal mutilation with other minors. Based on this statement, the trial judge immediately initiated contempt proceedings. At the joint hearing for sentencing on the criminal mischief and show cause on the contempt, the trial judge adjudicated A.L. delinquent “on all charges” and re-committed A.L. to the Department for placement in a long-term residential program in a level ten maximum-risk facility.
Section 39.0581, Florida Statutes (Supp.1996), sets forth four mandatory criteria, one of which must be present in order to permit a juvenile to be assigned to a level ten facility:
(1) The youth ... has been adjudicated on the current offense for [an enumerated felony].
(2) The ... current offense is a felony, and the child has previously been committed three or more times to a delinquency commitment program.
(3) The youth ... is currently committed for a felony offense and transferred from a moderate-risk or high-risk residential commitment placement.
(4) The youth ... is eligible for prosecution as an adult for the current offense, and the current offense is ranked at level 7 or higher on the sentencing guidelines offense severity ranking chart pursuant to s. 921.0012.
The record reflects that none of the enumerated criteria apply to A.L. Neither the criminal mischief nor the contempt charge is a felony. Criminal mischief, which results in less than $1000.00 damage, is a misdemeanor. § 806.13(1), Fla. Stat. (1995). Contempt is neither a felony nor a misdemeanor. See Ducksworth v. Boyer, 125 So.2d 844 (Fla.1960). At the time of the current offenses, A.L. was in aftercare following his commitment for burglary and grand theft. Although both of these offenses are felonies, Boley Rehabilitative Center is not a moderate-risk or high-risk residential commitment facility, rather it is a nonresidential aftercare program. Additionally, neither criminal mischief nor contempt is ranked at level seven or higher on the sentencing guidelines offense severity ranking chart. Since none of the criteria of section 39.0581 are applicable to A.L., the trial court was not authorized to commit him to a level *1050 ten facility. We, therefore, vacate the sentence imposed and remand for resentencing.
On remand, the trial court must enter separate sentences for each charged offense. See E.Y. v. State, 670 So.2d 1079 (Fla. 2d DCA 1996). Additionally, the trial court should punish A.L. for the contempt charge in accordance with section 39.0145, Florida Statutes (1995).
CAMPBELL, A.C.J., and FULMER, J., concur.