WHATLEY, Judge.
James R. Kramer appeals the trial court order finding him in wilful civil contempt and fining him up to a maximum of $2000.[1] We reverse.
Kramer is an attorney who represented Stephen Rotell in postdissolution family law actions involving his former wife, Kristina Gaime, regarding, inter alia, custody of the parties’ two minor sons, Matthew and Adam Rotell. Prior to a hearing in the family law action, Gaime attempted to kill herself and the two boys and did kill Matthew. Soon thereafter, the trial court entered an order limiting public comments by all attorneys associated with the case. Pursuant to a motion to intervene filed by The Tampa Tribune through its parent company, the trial court modified the order to prohibit the subject attorneys “from making comments to the media relating to the pending dependency case pertaining to the minor child, Adam Rotell,” and from “disclosing what occurred during those portions of the family law proceeding from which the media were excluded pursuant to this court’s April 15, 1999 Order on Notice of Intent to Partially Close Judicial Proceedings.”
The trial court sua sponte entered an order to show cause directing Kramer to explain why he should not be found in wilful civil contempt of the court’s order. After a hearing, Kramer was found in wilful civil contempt for having spoken to the print media on several occasions.
If contempt sanctions were appropriate against Kramer, they would have been sanctions for indirect criminal contempt. The contempt would have been indirect because it occurred outside the presence of the trial court. It would have been criminal contempt because the trial court imposed a fine on Kramer that was intended to punish him for the statements he made to the print media.
We have previously explained that “[t]he purpose of criminal contempt ... is to punish. Criminal contempt proceedings are utilized to vindicate the authority of the court or to punish for an intentional violation of an order of the court.” On the other hand, a contempt sanction is considered civil if it “is remedial, and for the benefit of the complainant.”
Parisi v. Broward County, 769 So.2d 359, 364 (Fla.2000) (citations omitted).
The trial court erred in finding Kramer in contempt. Kramer was found in wilful civil contempt pursuant to the preponderance of the evidence burden of proof which applies to civil contempt proceedings. In the Interest of S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965). However, as previously stated, Kramer could only have been found in indirect criminal contempt. The burden of proof in criminal contempt proceedings is beyond a reasonable doubt. Id.; Parisi, 769 So.2d 359. There simply was not sufficient evidence beyond a reasonable doubt that Kramer had committed indirect criminal contempt. A review of Kramer’s statements supports his position that they concerned the pending criminal case about which he was not prohibited to speak and that those comments, in any event, were not wilful. *321 Kramer was trying to diffuse the media' attention surrounding his client and his client’s surviving minor child.
Even if the evidence had supported a finding of indirect criminal contempt, the fine was excessive. Contempt is a common law crime in Florida. Section 38.22, Florida Statutes (1999), authorizes courts to punish contempt but contains no penalty provision. Section 775.02, Florida Statutes (1999), states: “When there exists no such provision by statute, the court shall proceed to punish such offense by fine or imprisonment, but the fine shall not exceed $500, nor the imprisonment 12 months.” See Thomas A. Edison College, Inc. v. State Bd. of Indep. Colleges and Univs., 411 So.2d 257 (Fla. 4th DCA 1982).
Accordingly, we reverse the order finding Kramer in contempt.
FULMER, A.C.J., and STRINGER, J., Concur.

. Kramer was fined $100 per word for every word attributed to him in several enumerated newspaper articles. The number of words clearly exceeded 20; thus, the fine imposed would have been $2000.