821 So.2d 459 (2002)
Jamie J. GRAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3382.
District Court of Appeal of Florida, Second District.
July 24, 2002.
*460 James Marion Moorman, Public Defender, Bartow, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Assistant Attorney General, Tampa, for Appellee.

ORDER GRANTING MOTION TO WITHDRAW
FULMER, Judge.
The Public Defender for the Tenth Judicial Circuit moves to withdraw, alleging that he was improperly designated to represent Jamie J. Graves. We grant the motion because we conclude that this appeal of an order finding Graves in indirect criminal contempt[1] is not a "felony appeal" as required by section 27.51(4), Florida Statutes (2001), in order to designate the Tenth Circuit Public Defender.
Section 27.51(4), Florida Statutes (2001), provides that upon transmittal of the record and request of the local public defender, the Public Defender for the Tenth Judicial Circuit shall "handle all felony appeals" in this district. Contempt is a common law crime in Florida, Kramer v. State, 800 So.2d 319 (Fla. 2d DCA 2001), which, although recognized by statute, is not specifically classified by statute as either a felony or a misdemeanor. See § 38.22, Fla. Stat. (2001).
In order to determine whether contempt is a felony for purposes of section 27.51(4), we turn to the definition of felony:
The term "felony" shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or imprisonment in a state penitentiary. "State penitentiary" shall include state correctional facilities. A person shall be imprisoned in the state penitentiary for each sentence which, except an extended term, exceeds 1 year.
§ 775.08, Fla. Stat. (2001). Contempt is punishable by imprisonment not to exceed twelve months. See § 775.02, Fla. Stat. (providing punishment for offenses that do not have a specific penalty provision); see also Kramer, 800 So.2d at 321 (noting that there is no specific statutory penalty provision for contempt). Contempt therefore does not meet the statutory definition of felony, and the Public Defender for the Tenth Judicial Circuit is not required to handle an appeal of a contempt conviction.
*461 Graves is nonetheless entitled to appointed counsel. See Moorman v. Bentley, 490 So.2d 186 (Fla. 2d DCA 1986). We therefore reappoint trial level counsel, the Public Defender for the Thirteenth Judicial Circuit. The Tenth Circuit Public Defender shall forward the appellate record, within ten days, to the Thirteenth Circuit Public Defender who shall file the initial brief within forty-five days thereafter.
WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] Counsel for Graves incorrectly states that this is an appeal of a judgment and sentence for violation of injunction under section 741.31, Florida Statutes (2001). According to the record before this court, the appellant was not charged pursuant to section 741.31 but rather was proceeded against under the trial court's contempt power.