STEVENSON, C.J.
Appellant, Jaeovis Saridakis, was found guilty of indirect criminal contempt for violating a “no-contact” order with his former wife and was ordered to serve a one-year term of probation. Appellant raises a single issue on appeal, arguing that because criminal contempt is not specifically designated as a first degree misdemeanor, it is a misdemeanor of the second degree and, as a result, his one-year probation term exceeds the statutory maximum. See § 775.081(2), Fla. Stat. (“Any crime declared by statute to be a misdemeanor without specification of degree is of the second degree.”); § 775.082(4)(b), Fla. Stat. (second degree misdemeanor punishable by imprisonment of no more than sixty days). Because criminal contempt is an offense which is neither a felony nor a misdemeanor, but is punishable by a term of imprisonment not to exceed one year, we find appellant’s argument unpersuasive and affirm.
The Florida Supreme Court addressed the issue of criminal contempt in Aaron v. State, 284 So.2d 673 (Fla.1973):
Section 38.22 of the Florida Statutes, F.S.A., authorizes courts to impose imprisonment and fines for contempt, but states no maximum time for such imprisonment. Section 775.01 of the Florida Statutes, F.S.A., provides that the common law crimes of England are crimes in Florida. Section 775.02 of the Florida Statutes, F.S.A., provides that when no maximum punishment is prescribed for criminal contempt, the maximum shall not exceed one year imprisonment and a fine of $500.00.
Therefore, we must conclude that criminal contempt is a crime under Florida law, with the possible maximum punishment exceeding six months’ imprisonment.
Id. at 676 (footnotes omitted).
We reject for several reasons appellant’s contention that, pursuant to section 775.081(2), criminal contempt is a second degree misdemeanor. Section 775.081(2) provides that “[a]ny crime declared by statute to be a misdemeanor without specification of degree is of the second degree.” Even though contempt is punishable in the same manner as a misdemeanor,[1] we do not believe it can reasonably be said that contempt is a “crime declared by statute to be a misdemeanor.” As the court noted in Moorman v. Bentley, 490 So.2d 186, 187 (Fla. 2d DCA 1986), “[w]hile the contempt power of Florida courts has been codified by statute, section 38.22, Florida Statutes (1985), there is no statute which defines the crime or establishes the punishment.” When the legislature has wanted to “declare” a crime, to be a misdemeanor, it has done so in clear and direct terms. See, e.g., § 836.01, Fla. Stat. (“Any person convicted of the publication of a libel shall be guilty of a misdemeanor ....”); § 812.014(2)(e), Fla. Stat. (theft of property valued at $100 or more but less than $300 is “punishable as a misdemean- or”); § 806.13(l)(b)2., Fla. Stat. (criminal mischief resulting in damage greater than $200 but less than $1,000 “is a misdemeanor”).
*35 Because common law crimes are punishable by imprisonment not to exceed twelve months, the punishment imposable for criminal contempt is identical to that imposable for a misdemeanor. See §§ 775.01, 775.02, Fla. Stat.; Aaron, 284 So.2d at 676. Nevertheless, simply because, “[f]or all practical purposes, criminal contempt is the equivalent of a misdemeanor,” does not mean it is a misdemeanor. See Moorman, 490 So.2d at 187. Indeed, one court has stated that “[c]ontempt is neither a felony nor a misdemeanor.” In re A.L., 705 So.2d 1048, 1049 (Fla. 2d DCA 1998) (citing Ducksworth v. Boyer, 125 So.2d 844 (Fla.1960)).
Further, applying section 775.081(2) (providing that any misdemeanor not declared by statute to be of the first degree is of the second degree) to section 775.02 (providing that common law offenses may be punishable by imprisonment not to exceed twelve months) would render the latter meaningless since, in all instances, common law crimes would be classified as second degree misdemeanors by default. The maximum term of imprisonment for a second degree misdemeanor is limited to sixty days. See § 775.082(4)(b), Fla. Stat. Thus, section 775.081(2) would prohibit a term of imprisonment in excess of sixty days for any common law offense and the twelve-month maximum sentence contemplated under section 775.02 would be illusory.
“It is well settled in Florida that the courts will disfavor construing a statute as repealed by implication unless that is the only reasonable construction.” Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 250 (Fla.1987). “Instead, we are obligated ‘to adopt an interpretation that harmonizes two related, if conflicting, statutes while giving effect to both.’ ” Jones v. State, 813 So.2d 22, 25 (Fla.2002) (quoting Palm Harbor, 516 So.2d at 250). Under Florida law, the legislature is presumed not to have intended to write a statute that renders void in its application another statute that has not been amended or repealed. See T.R. v. State, 677 So.2d 270, 271 (Fla.1996) (stating “courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another”). Thus, this court must assume the legislature intended sections 775.081(2) and 775.02 to operate coexten-sively and have the fullest possible effect; we, therefore, adopt a construction that harmonizes both provisions.
Accordingly, we affirm the one-year term of probation ordered by the trial court in the instant case.

Affirmed.

SHAHOOD and MAY, JJ., concur.

. Section 775.08(2), Florida Statutes, provides that "[t]he term 'misdemeanor' shall mean any criminal offense that is punishable ... by a term of imprisonment ... not in excess of 1 year.”