VILLANTI, Judge.
 

 Debby Giordano challenges the denial of her motion to correct sentencing error. We remand for correction of her judgment and sentence.
 

 Pursuant to a negotiated plea, Giordano pleaded no contest to charges of stalking and criminal contempt of court. The trial court orally sentenced her to five years’ probation on the stalking charge, with the first five months of that sentence served in jail. The court adjudicated her guilty on the criminal contempt charge and orally sentenced her to time served on that charge. The trial court entered a single written judgment for both charges. While the written judgment reflected both convictions, it only contained an order of probation for the stalking charge; there was no written order of sentence for the contempt conviction specifying the time-served disposition. The written judgment also classified the criminal contempt conviction as a second-degree misdemeanor.
 

 Giordano filed a motion to correct sentencing error challenging (1) the trial court’s failure to enter a written sentence of time served on the contempt charge and (2) the designation of criminal contempt as a second-degree misdemeanor. The trial court denied the motion, concluding that (1) Giordano was not prejudiced by the court’s failure to enter a written sentence on the contempt charge because the plea hearing transcript reflected her “time served” sentence on that charge and (2) the designation of contempt as a second-
 
 *98
 
 degree misdemeanor did not result in “substantial prejudice” to Giordano.
 

 The State concedes that the trial court erred in denying Giordano’s motion as to her first point, and we agree. Accordingly, on remand, the trial court is directed to issue a written sentence reflecting its oral sentence of time served on the criminal contempt count.
 
 See Singleton v. State,
 
 561 So.2d 1296, 1298 (Fla. 2d DCA 1990) (remanding matter to trial court with directions to correct written sentence to conform with court’s oral pronouncement).
 

 However, as to Giordano’s second point on appeal, the parties dispute the proper classification of the criminal contempt charge. The State contends that the criminal contempt conviction should be classified as a first-degree misdemeanor, while Giordano argues that contempt is not a misdemeanor at all but, rather, is a common law crime. On this point, Giorda-no is correct. Criminal contempt is neither a felony nor a misdemeanor, but a third category of crimes simply described as “common law crimes.”
 
 See Graves v. State,
 
 821 So.2d 459, 460 (Fla. 2d DCA 2002) (“Contempt is a common law crime in Florida,....”);
 
 Dep’t of Juvenile Justice v. State,
 
 705 So.2d 1048, 1049 (Fla. 2d DCA 1998) (“Contempt is neither a felony nor a misdemeanor.”);
 
 Welch v. Rice,
 
 636 So.2d 172, 173 (Fla. 2d DCA 1994) (noting that contempt is not a misdemeanor offense). Common law crimes, such as criminal contempt, which have not been separately reclassified by statute as either a felony or a misdemeanor retain their status as common law crimes.
 
 See
 
 § 775.01, Fla. Stat. (2005) (providing that where there is no statute to the contrary in Florida, the common law of England with respect to crimes is in effect). Hence, criminal contempt must still be regarded as a common law crime.
 

 We note that the State’s argument is, at first blush, somewhat appealing because criminal contempt can carry a maximum term of imprisonment of twelve months. Thus, case law regards criminal contempt as the functional equivalent of a misdemeanor for purposes of the right to court-appointed counsel during contempt proceedings.
 
 See Moorman v. Bentley,
 
 490 So.2d 186, 187 (Fla. 2d DCA 1986). However, without a separate statute overriding the application of section 775.01, the classification of criminal contempt as a common law crime still applies, despite the punishment being similar to that available for a first-degree misdemeanor. Therefore, all things considered, the judgment in this case should not have characterized Giordano’s conviction of that charge as a misdemeanor. Whether the trial court’s mischaracterization prejudiced Giordano is irrelevant, since the trial court was required to follow the mandates of section 775.01.
 

 To avoid repetition, we observe that the trial court treated Giordano’s failure to appear for case management as indirect criminal contempt. Yet, a defendant’s failure to appear is actually considered direct criminal contempt.
 
 Aron v. Huttoe,
 
 258 So.2d 272, 274 (Fla. 3d DCA),
 
 adopted,
 
 265 So.2d 699, 700 (Fla.1972); Woods
 
 v. State,
 
 600 So.2d 27, 29 (Fla. 4th DCA 1992).
 
 [1]
 
 A direct criminal contempt conviction typically includes a separate
 
 *99
 
 judgment of guilt which complies with the requirements set forth in Florida Rule of Criminal Procedure 3.830, not rule 3.840, which applies to indirect criminal contempt and which was apparently followed by the trial court. We need not discuss any further the confusing sequence of events in this case because Giordano’s appeal was related neither to the procedural manner in which judgment was entered nor to the propriety of the classification of her conviction as indirect contempt.
 

 In this case, the trial court entered a single judgment for both of Giordano’s convictions, presumably because it regarded Giordano’s conduct as indirect criminal contempt and because disposition of this count was pursuant to a plea bargain on both charges. Because the stalking conviction is not being appealed and is effectively affirmed, on remand the trial court should enter an amended judgment and sentence as to the contempt count only reflecting its proper classification as a common law crime and the sentence of time served.
 

 Remanded for proceedings consistent with this opinion.
 

 CASANUEVA, C.J., and ALTENBERND, J., Concur.
 

 [1]
 

 . Apparently, the State chose not to proceed pursuant to section 843.15(1), Florida Statutes (2005), which provides that failure to appear before a court may be prosecuted as a separate crime. Instead, Giordano's failure to appear was handled pursuant to section 843.15(2), which provides that "[njothing in this section shall interfere with or prevent the exercise by any court of its power to punish for
 
 contempt"
 
 (emphasis added), but not specifying the classification or the penalty.