GROSS, C.J.
 

 We affirm a circuit judge’s finding of contempt arising from a criminal case in the circuit court. Also, we agree with the appellate division of the circuit court that the indirect criminal contempt proceeding was a circuit court action, and not a county court misdemeanor, so that the appellate division properly transferred the appeal to this court.
 

 Ann Schaab was the victim in an attempted second degree murder prosecution in the circuit court. Her former husband was the defendant. Pursuant to Florida Rule of Criminal Procedure 3.840(a), the state moved in the circuit court for the issuance of an order to show cause as to why Schaab should not be held in indirect criminal contempt for failing to obey a circuit court subpoena; that subpoena directed her to appear in the circuit court criminal case. The circuit judge issued an order to show cause. Although the signature line indicated that he signed the order as a “circuit court judge,” the order was styled as an order from the County Court of Martin County. The clerk assigned the order a misdemeanor case number. After Schaab was arrested in Citrus County, the circuit court issued a transport order styled as a circuit court case, but using the misdemeanor case number.
 

 Ultimately, the contempt case was heard before the circuit judge who presided over
 
 *765
 
 the attempted murder prosecution and who issued the order to show cause. The court heard sworn testimony, including that of Schaab and her current husband. The circuit judge found Schaab guilty of contempt and sentenced her to 30 days in jail and placed her on six months probation. The probation order had a county court case number and, by interlineation, indicates that it was an order of the county court. However, the circuit judge signed it as a circuit judge. When asked which court had jurisdiction over the case, the circuit judge explained that he “prefer[red]” the contempt “to be treated as an independent misdemeanor case.” The circuit judge’s judgment of indirect criminal contempt was styled as a county court case.
 

 Schaab appealed the conviction to the appellate division of the circuit court in the nineteenth circuit. The circuit court appellate panel held that it did not have jurisdiction because the judgment was a circuit court judgment, even though the trial judge had called it a county court case. The appellate panel noted that the contempt had occurred in a circuit court case and that a circuit judge with jurisdiction over the criminal case had entered the judgment of contempt. The appellate panel held that
 

 [cjhanging the caption on the order and arbitrarily assigning a misdemeanor case number, does not magically transform the case from a circuit court case to a county court case. A rose by any other name is still a rose. This is a circuit court action, pure and simple.
 

 Consequently, the appellate panel transferred the appeal to this court. We agree with the analysis of the appellate panel.
 

 A criminal contempt is “ ‘a crime in the ordinary sense.’ ”
 
 Pompey v. Cochran,
 
 685 So.2d 1007, 1012 (Fla. 4th DCA 1997) (quoting
 
 Int’l Union, United Mine Workers of Am. v. Bagwell,
 
 512 U.S. 821, 826, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). Section 38.22, Florida Statutes (2008), provides both circuit and county courts with the authority to “punish con-tempts,” “whether such contempts be direct, indirect, or constructive, and in any such proceeding the court shall proceed to hear and determine all questions of law and fact.” No statute defines the crime of contempt or establishes the punishment.
 
 Moorman v. Bentley,
 
 490 So.2d 186, 187 (Fla. 2d DCA 1986). “[T]he power of courts to punish for contempt was recognized at common law.”
 
 Id.
 
 (citation omitted). Where there is no existing statutory provision on a subject, the “common law of England in relation to crimes” is “of full force” in Florida. § 775.01, Fla. Stat. (2008);
 
 Moorman,
 
 490 So.2d at 187. Section 775.02, Florida Statutes (2008), provides that when there exists no statutory provision for a common law offense, “the court shall proceed to punish such offense by fine or imprisonment, but the fine shall not exceed $500, nor the imprisonment 12 months.”
 

 In sum, “[cjontempt is a common law crime in Florida, which, although recognized by statute, is not specifically classified by statute as either a felony or a misdemeanor.”
 
 Graves v. State,
 
 821 So.2d 459, 460 (Fla. 2d DCA 2002) (citation omitted). Both the circuit and county courts have jurisdiction to hear criminal con-tempts.
 

 The contempt in this case arose from a felony proceeding, a circuit court case. Section 38.22 gave the circuit judge jurisdiction to hear and punish the contempt. The clerk’s assignment of a misdemeanor case number did not affect the status of the contempt as a circuit court matter over which that court had jurisdiction. “[F]ile numbers are merely an administrative convenience for the clerk but not a statutory
 
 *766
 
 prerequisite for filing by the parties to the action.”
 
 Tanner v. State,
 
 744 So.2d 1017, 1019 (Fla. 4th DCA 1997). Case numbers assist a clerk in satisfying the statutory duty to keep all papers filed “with the utmost care and security, arranged in appropriate files.” § 28.13, Fla. Stat. (2008). Because the judgment of indirect criminal contempt was a circuit court matter, the appellate division of the circuit court did not have jurisdiction to hear the appeal.
 

 On the merits, we affirm the circuit judge’s finding of contempt. The court expressly found that Schaab’s credibility was the main issue in the contempt case. Schaab’s testimony was evasive and contradictory on several points and her husband’s testimony was similarly questionable. Schaab contends that the evidence was insufficient to support the finding of contempt, which boils down to an argument that the trial court should have granted a motion for judgment of acquittal. On appeal, we must “consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State.”
 
 McDuffie v. State,
 
 970 So.2d 312, 332 (Fla.2007). “The fact that the evidence is contradictory does not warrant a judgment of acquittal since the weight of the evidence and the witnesses’ credibility are questions solely for the [fact finder].”
 
 Morrison v. State,
 
 818 So.2d 432, 451 (Fla.2002) (quoting
 
 Donaldson v. State,
 
 722 So.2d 177, 182 (Fla.1998)).
 

 Affirmed.
 

 POLEN and STEVENSON, JJ., concur.