IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KEITH ROBERT JOHNSON,

      Petitioner,

 v.                                    Case No. 5D16-2756

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed February 3, 2017

Petition for Certiorari Review of Order
from the Circuit Court for Brevard County,
Lisa Davidson, Judge,
John Griesbaum, Judge,
Jeffrey Mahl, Judge.

Thomas D. Sommerville, of Law Offices of
Thomas D. Sommerville, P.A., Orlando, for
Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

PER CURIAM.

     Keith Robert Johnson ("Petitioner"), seeks second tier certiorari review of an

opinion from the appellate division of the circuit court, in which the circuit court affirmed a

judgment and sentence for indirect criminal contempt. The appellate division of the circuit

court did not have jurisdiction to hear the appeal and should have transferred the appeal

to this court. Therefore, we grant the petition, quash the opinion of the circuit court, and remand for further proceedings.

This case stems from a divorce proceeding between Petitioner and his former wife, Lisa Lynne Bernick ("Former Wife"). In August 2013, the circuit court entered a final judgment of dissolution of marriage, which included a timesharing agreement. In November 2014, the circuit court issued an order for Petitioner to show cause why he should not be held in indirect criminal contempt for failing, on one occasion, to return the children either to their school or to Former Wife in accordance with the timesharing agreement and final judgment. In April 2015, the court held a hearing and found Petitioner guilty of indirect criminal contempt. In November 2015, he was sentenced to forty-five days probation with a special condition of forty-five days in jail. Petitioner appealed to the appellate division of the circuit court, which issued a per curiam affirmance of the trial court's order.

Petitioner now seeks review of the circuit court's appellate decision by petitioning for this court to issue a writ of certiorari. "The district court reviewing the circuit court's decision is limited to determining whether the circuit court afforded procedural due process and whether the court applied the correct law or, stated in other words, whether the circuit court decision departed from the essential requirements of law." *State v. Kirby*, 752 So. 2d 36, 37 (Fla. 5th DCA 2000).

> Second-tier certiorari is not a second appeal; it is extraordinarily limited, and narrow in scope. Ordinary legal errors, or application of the correct law incorrectly under the facts, are not sufficient grounds for a district court to grant second-tier certiorari. Second-tier certiorari review should only be exercised when there has been a violation of a clearly established principle of law resulting in the miscarriage of justice.

*USAA Cas. Ins. Co. v. Emergency Physicians of Cent. Fla.*, 200 So. 3d 153, 154 (Fla. 5th DCA 2016) (internal quotation marks omitted) (internal citations omitted).

We will not discuss the merits of the petition because a jurisdictional issue exists that neither party addressed. Despite the fact that the indirect criminal contempt proceeding was given a misdemeanor case number, it was not a county court case; rather, it was a circuit court case because it arose from a family circuit court matter.

In *Schabb v. State*, 33 So. 3d 763 (Fla. 4th DCA 2010), the State moved in the circuit court for the issuance of an order to show cause as to why the witness should not be held in indirect criminal contempt for failing to obey a circuit court subpoena in a criminal case. 33 So. 3d at 764. The order to show cause was styled as an order from the county court but it was signed by a circuit court judge. *Id.* The case was assigned a misdemeanor case number but was heard before the circuit court judge who presided over the criminal case. *Id.* at 764-65. The court found the witness guilty of contempt, sentenced her to thirty days in jail, and placed her on six months of probation. *Id.* at 765. The probation order indicated that it was an order of the county court, but the circuit court judge signed the order as a circuit court judge. *Id.*

The witness appealed to the appellate division of the circuit court in the nineteenth circuit. *Id.* "The circuit court appellate panel held that it did not have jurisdiction because the judgment was a circuit court judgment, even though the trial judge had called it a county court case." *Id.* The appellate panel then transferred the appeal to the Fourth District. *Id.* The Fourth District agreed with the circuit court appellate panel and held as follows:

3

> In sum, [c]ontempt is a common law crime in Florida, which, although recognized by statute, is not specifically classified by statute as either a felony or a misdemeanor. Both the circuit and county courts have jurisdiction to hear criminal contempts. The contempt in this case arose from a felony proceeding, a circuit court case. Section 38.22[, Florida Statutes (2008)] gave the circuit judge jurisdiction to hear and punish the contempt. The clerk's assignment of a misdemeanor case number did not affect the status of the contempt as a circuit court matter over which that court had jurisdiction. [F]ile numbers are merely an administrative convenience for the clerk but not a statutory prerequisite for filing by the parties to the action. Case numbers assist a clerk in satisfying the statutory duty to keep all papers filed with the utmost care and security, arranged in appropriate files. Because the judgment of indirect criminal contempt was a circuit court matter, the appellate division of the circuit court did not have jurisdiction to hear the appeal.

*Id.* at 765–66 (alterations in original) (internal quotation marks omitted) (internal citations omitted).

Here, the family circuit court issued the order to show cause. The order was subsequently assigned a misdemeanor case number and heard before a circuit judge. The judgment and sentence indicated that they were issued in county court, but they were signed by a circuit judge. We conclude that the judgment of indirect criminal contempt was a circuit court matter as it arose from the circuit court family law case; thus, the appellate division of the circuit court did not have jurisdiction to hear the appeal.

We are compelled to consider this jurisdictional issue even though neither party raised it because "an order entered without jurisdiction is a nullity, and cannot be considered harmless error." *Dragomirecky v. Town of Ponce Inlet*, 891 So. 2d 633, 634 (Fla. 5th DCA 2005) (citing *Katz v. NME Hosps., Inc.*, 791 So. 2d 1127, 1128 (Fla. 4th DCA 2000) (additional citations omitted)). "It is well settled that lack of subject matter jurisdiction may be raised sua sponte by an appellate court." *Ruffin v. Kingswood E.*

4

*Condo. Ass'n,* 719 So. 2d 951, 952 (Fla. 4th DCA 1998) (citations omitted). "[J]urisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void." *Esposito v. Horning*, 416 So. 2d 896, 898 (Fla. 4th DCA 1982) (footnote omitted).

Therefore, we grant the petition to the extent that the appellate division of the circuit court lacked jurisdiction when it affirmed Petitioner's judgment and sentence. We quash the circuit court's appellate opinion and remand with instructions that the appellate division of the circuit court transfer the notice of appeal to this court. Granting of the petition is without consideration of the merits of the issues raised on appeal.

PETITION GRANTED, ORDER QUASHED, and REMANDED for further proceedings.

BERGER, EDWARDS, JJ. and JACOBUS, B.W., Senior Judge, concur.