DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DERRICK TYRONE JENKINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1171

[June 23, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robert Panse, Judge; L.T. Case Nos. 50-2019-AP-000071-AXXX-MB and 50-2019-MM-001265-AXXX-MB.

Andrew B. Greenlee of Andrew B. Greenlee, P.A., Sanford, and Gregory C. Rosenfeld of the Law Offices of Greg Rosenfeld, P.A., West Palm Beach, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

*Affirmed. See O'Brien v. State*, 248 So. 2d 252 (Fla. 4th DCA 1971).

DAMOORGIAN, J., and ROBINSON, MICHAEL A., Associate Judge, concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

Appellant was convicted of indirect criminal contempt for sending an expletive-laced diatribe to a circuit court judge after the judge dismissed his civil case, accusing the judge of incompetence and impugning his integrity. On appeal, appellant claims that the county court judge who tried the contempt proceeding lacked subject matter jurisdiction. I agree that the county court lacked jurisdiction, and I would reverse.

After receiving the letter, the circuit court judge to whom it was addressed issued an order to show cause and disqualified himself from

presiding over the contempt matter. The case was later assigned to another circuit court judge to try the contempt, but subsequently the chief judge of the circuit ordered the case to be transferred to the county court criminal division. A misdemeanor file was opened, and the order directed that a "county court criminal judge" hear the case.

Section 38.22, Florida Statutes (2019), provides that "[e]very court may punish contempts *against it* whether such contempts be direct, indirect, or constructive, and in any such proceeding the court shall proceed to hear and determine all questions of law and fact." (emphasis added). As I read the statute, each court can hear contempts against it. No provision allows one level of court to hear contempts committed in another court. *Cf., e.g., Schaab v. State,* 33 So. 3d 763 (Fla. 4th DCA 2010); *Johnson v. State*, 218 So. 3d 957 (Fla. 5th DCA 2017). The county court did not have subject matter jurisdiction to hear a circuit court contempt, any more than it would have jurisdiction to hear a civil case in excess of its jurisdictional amount.

The State suggests that the county court judge was acting as a circuit court judge, pursuant to a local administrative order. However, the Florida Rules of Criminal Procedure require that the chief justice of the supreme court appoint a different judge to try a contempt, not the chief judge of the circuit court. Florida Rule of Criminal Procedure 3.840(e) provides:

> **Disqualification of Judge**. If the contempt charged involves disrespect to or criticism of a judge, the judge shall disqualify himself or herself from presiding at the hearing. Another judge shall be designated by the chief justice of the supreme court.

The local administrative order cannot conflict with the rules of criminal procedure. *See* Fla. R. Jud. Admin. 2.120(c) ("**Administrative Order:** A directive necessary to administer properly the court's affairs but not inconsistent with the constitution or with court rules and administrative orders entered by the supreme court."). Moreover, the administrative order did not purport to appoint a county judge to temporarily serve as a circuit court judge. Instead, the order states that in cases where the judge cannot preside over the contempt because of criticism of the judge, "the clerk will randomly assign the indirect criminal contempt case to a *judge in the county criminal division* at the same courthouse." *See* Order in re Assignment of Criminal and Civil Contempt Cases, No. 2.313 (Fla. 15th Cir. Ct. Mar. 8, 2019).

A challenge to subject matter jurisdiction may be made at any stage of the proceedings. Therefore, I conclude that appellant may raise it in this appeal. The county court judge did not have jurisdiction to hear this contempt proceeding, and we should reverse.

As to the merits, while I agree that *O'Brien v. State*, 248 So. 2d 252 (Fla. 4th DCA 1971), is on point and supports an affirmance of the conviction, I am more inclined to agree with Judge Reed's dissent in that case which stated:

> [A] very careful distinction must be made between communications which are merely personally offensive to a judge and those which may have a genuinely degrading effect on the performance of his official duties. The former should never be considered as contemptuous. The latter, when they take the form of out-of-court comment regarding a pending judicial proceeding, may be held contemptuous only where the evidence indicates that they present a clear and present danger to the proper administration of justice.

*Id.* at 258 (citations omitted). Because in this case the court had entered a final order of dismissal and the rehearing period had ended, there were no further proceedings before the circuit judge. Thus, the letter could not be interpreted as attempting to obstruct the judge in the performance of his duties. It was personally offensive and wrongful in impugning the character of the judge and his adherence to the rule of law, but it should not be punishable by the immense power of contempt.

My only hesitation is that the letter was filled with expletives directed at the judge. Had appellant made these comments in open court, they clearly would have been punishable by direct contempt. *See, e.g., Williams v. State*, 222 So. 3d 596 (Fla. 4th DCA 2017); *Woodie v. Campbell*, 960 So 2d 877 (Fla. 1st DCA 2007). While I could find no case involving the use of profanity in a letter to a judge, or a pleading that was filed with the court, it seems to me that where such language is aimed at the judge in a letter sent directly to the judge as well as filed with the court, this could be as contemptuous and interfering with the dignity of the court as language in open court.

However, in this case the letter was sent after the case had concluded. Therefore, given the circumspection required in the use of the contempt power, I agree with Judge Reed, when he wrote: "[The letter] could and should have been disposed of by relegation to the trash bin. The

appellant's letter was clearly unfair and irrational, but as a matter of law it was not contempt." 248 So. 2d at 258 (Reed, J., dissenting).

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***